## KENNINGTON v. CATOE.

1. EVIDENCE—CHASTITY.—A CHILD born during coverture is presumed legitimate; and where the issue is the legitimacy of such a child, evidence as to unchastity of the wife before marriage or after birth of the child is incompetent.

2. EVIDENCE—HEARSAY—REPUTATION.—Upon issue of legitimacy of a child born after marriage, reputation of the wife for unchastity before and at time of marriage properly excluded as hearsay.

3. CROSS-EXAMINATION—WITNESS—CREDIBILITY.—It is proper to rule out on cross-examination question attacking character of witness for unchastity, where object is to discredit her.

4. PRACTICE—OPENING AND REPLY.—Statement of defendant's counsel

that he assumed the burden of proving the real issue in the case, cannot alter the rule as to opening and reply in evidence and argument, which must be settled by the pleadings. Rule stated.

5. A COLORED CHILD born after emancipation, of a free colored woman, married to a white man before the Act of 1879, prohibiting intermarriage of the races, can take property under will as a child.

6. NEW TRIAL on after-discovered evidence will not be granted, where movant's counsel was informed of the existence of the record after he had closed his testimony, but before close of other side, and when he then made no effort to get the evidence in.

Before DANZLER, J., Lancaster, March term, 1903. Reversed.

Action by Elizabeth Kennington *et al.* against Eddie Catoe *et al.* From judgment for defendant, Dell McManus, plaintiff, and other defendants appeal.

*Messrs. R. E.* and *R. B. Allison,* for appellant, cite: *As to the opening and reply:* Rule 59 C. C.; 35 S. C., 165; 50 S. C., 25; 63 S. C., 290.

*Mr. R. E. Wylie,* contra, cites: *As to the granting of new trials:* 1 Rice L., 271. *Marriage of parties lawful:* Code, 1902, 2664; 18 S. C., 514.

April 19, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought to partition land in Lancaster County, on the theory that plaintiffs and defendants, other than Dell McManus, were heirs at law of Rily Catoe, deceased, and as such were the sole owners of the land as a lapsed devise, and that Dell McManus, who was claiming the land, had no interest therein. Rily Catoe had devised the land to his son, Minor Catoe, for life, and after his death among such of his children as he may leave surviving him. The complaint alleges that Minor Catoe died unmarried and leaving no children. Dell Catoe answered, asserting that he was improperly styled Dell

McManus in the complaint, and that his true name was Dell Catoe, that he was the only child of Minor Catoe, deceased, and that as such the land belonged exclusively to him. The main contest on the trial was whether Dell Catoe was a legitimate son of Minor Catoe. The case was tried before Judge Dantzler and a jury, and resulted in a verdict and judgment in favor of Dell Catoe for the land in dispute.

The exceptions from one to nine, inclusive, impute error in the rulings of the Court as to the admissibility of testimony.

1. In behalf of Dell Catoe, testimony was offered to show that about the year 1870, Minor Catoe was married to Ann McManus, in the presence of several witnesses, in Lancaster County, S. C., by the Rev. Nathan Faile, a reputable Baptist minister; that they lived together as man and wife for a short time, when Minor Catoe left her, and that said Ann gave birth to Dell Catoe eleven months, or a little over, after the said marriage. The Court permitted appellants' counsel to assail the legitimacy of Dell Catoe by showing the reputation of Ann for chastity and her unchaste conduct with other men from the time of the alleged marriage at the birth of Dell Catoe; but appellants' counsel sought to go further and show such reputation and conduct before her marriage and after the birth of Dell Catoe, which the Court excluded. This ruling as applied to several witnesses is the basis of the first, second, third, fifth, sixth and seventh exceptions. We think the testimony was properly excluded, as it had no tendency to show that Minor Catoe was not the father of Dell Catoe. A child born during coverture is presumed to be legitimate. This presumption is rebuttable, but as declared in *Wilson* v. *Babb,* 18 S. C., 69 : "Where a child is born after lawful wedlock and after the lapse of the usual period of gestation, it should require a very strong state of circumstances to overthrow the presumption of legitimacy, such as impossibility of access, absolute non-access, abandonment, or something equally as

conclusive." Therefore, in order to render testimony admissible to overthrow such presumption, it should have tendency in a reasonable mind to establish some such conclusive circumstance. It is manifest that mere reputation of the wife for unchastity, especially when such reputation was before marriage or after birth of the child, would have no such tendency, nor would her unchaste conduct with reference to other men have such tendency, unless it related closely to the period when the child was begotten.

We have assumed in this, that there was a lawful marriage and birth of Dell Catoe eleven months thereafter. The fact of the marriage was not contested in evidence. There was some evidence tending to show that Minor Catoe was not mentally capable of contracting matrimony, but this issue was not submitted to the jury, and we must assume it was found against the appellants by the verdict of the jury. Nor was there any conflict in the testimony as to the time when Dell Catoe was born. Hence, in determining the admissibility of this testimony, we have treated the case as one in which the testimony was offered to show "adulterine bastardy."

2. The eighth exception alleges error in refusing to allow the witness, Joseph Kennington, to testify as to the reputation of Ann McManus for lewdness between the dates of the alleged marriage and alleged birth of Dell Catoe. The record shows, as has already been stated, that counsel was permitted to ask as to the general reputation of Ann McManus for chastity between said marriage and said birth. The Court simply refused to allow the same question to be repeated, by merely substituting the word lewdness for the word chastity, and in this there was no prejudicial error.

3. The ninth exception imputes error in refusing to allow witness, Kennington, to testify that it was the general report that Ann McManus had a child a short time after her alleged marriage to Minor Catoe, and before the birth of Dell Catoe, and it was the general reputation that she was pregnant when she married Minor Catoe. The testi-

mony was properly excluded. It does not fall within any of the exceptions rendering hearsay testimony competent.

4. There was no error, as alleged in the fourth exception, in refusing to allow appellants' counsel, on cross-examination of Laura McManus, to ask her how many children she had, and whether white or black, she having had no husband—the object being to discredit the witness. The general rule permits a witness to be cross-examined by questions which tend to test his accuracy, veracity or credibility, or to shake his credit by injuring his character, but the extent of such cross-examination is very largely left to the discretion of the Court—*State* v. *Williamson,* 65 S. C., 247—and we see no reason for interfering with the Court's exercise of discretion in this instance.

5. The tenth, eleventh and fourteenth exceptions allege error in the ruling of the Court, in denying plaintiffs the right of reply both in evidence and argument. The cases of *Addison* v. *Duncan,* 35 S. C., 171, 14 S. E., 305; *Beckham* v. *Railway Co.,* 50 S. C., 36, 27 S. E., 611; *Thompson* v. *Insurance Co.,* 63 S. C., 290, 41 S. E., 464—show that defendant acquires the right to open and reply when by his pleadings, he admits the plaintiff's cause of action as stated in the complaint, and relies solely upon an affirmative defense based upon the facts stated in the answer; so that if no evidence is adduced on either side, the plaintiff is entitled to a verdict on the pleadings. The fourth paragraph of the complaint alleged that Minor Catoe died unmarried and leaving no children. This was denied by the answer. The fact alleged was essential to plaintiff's cause of action, and the denial raised the real issue in the case. Had it been admitted by the answer, plaintiffs would have been entitled to a judgment on the pleadings. Under rule 59, Circuit Court, the defendant has right to open and reply only "where he admits the plaintiff's cause by the pleadings and takes upon himself the burden of proof." The plaintiffs, as matter of fact, opened the case by offering testimony, and at the close of plaintiffs' testimony in chief, respondent moved for

a nonsuit, which was declined. It is true, that counsel for respondent, after swearing a witness, did state that he assumed the burden of proving affirmatively the marriage of Minor Catoe, and that defendant, Dell Catoe, was the only issue of such marriage, but the declaration could in no wise alter the status fixed by the pleadings. The ruling of the Court in allowing respondent to reply in evidence and argument, deprived plaintiffs of a substantial right, material to their case, and thereby necessarily affecting the judgment. *Bennett* v. *Sandifer,* 15 S. C., 420.

6. The fifteenth exception alleges error in charging the jury that before the year 1879, a white man had a right to marry a negro free-woman. The statute entitled "An act to prevent and punish the intermarriage of races," now sec. 2664,, 1 Civil Code, was approved December 12, 1879. At the time of the alleged marriage, about 1870, there was no law in this State making it illegal. It is argued under this exception, that Dell Catoe, being a negro, could not take as remainderman under the devise in the will of Rily Catoe, which went into effect in 1867, previous to the 14th amendment to the Federal Constitution, adopted in March, 1868; that such an amendment could not, in the absence of an express provision, reach back of 1868, and clothe a negro with a right to claim and accept a devise made in 1867.. This question does not appear to have been presented to the Circuit Court, but we fail to see the merit of the contention. According to the undisputed evidence, Dell Catoe was never a slave, but was born after slavery ceased to exist in this country, and whose mother, though a mulatto, was born free, of free parents. Even if Dell Catoe had been born during slavery times, his status then as a free person of color would have enabled him, under the laws of this State, to take property under a will or deed. *Bowers* v. *Newman,* 2 McM., 486; *State* v. *Hill,* 2 Speer, 159.

7. It remains only to consider the twelfth exception, assigning error in the refusal of the motion for a new trial,

based upon the ground of after-discovered evidence. The alleged after-discovered evidence consisted of the record in the case of Ann Catoe, plaintiff, against Minor Catoe, defendant, on file in the office of the clerk of Court for Lancaster County, being a proceeding for divorce on the ground of desertion. The case shows the following extracts from said record: Ann Catoe in her complaint alleges, "That on the      day of October, A. D. 1870, she was married to the defendant * * * that the defendant lived with the plaintiff at her father's house in said county for about one week after the time of said marriage, and then wilfully deserted her without cause, and has never since lived with her, nor rendered her any support or pecuniary aid whatever, and the plaintiff has reason to believe that the defendant has since his desertion of her been guilty of adultery with other women * * * whereupon the plaintiff demands judgment that the bonds of matrimony between herself and the said Minor Catoe, defendant, be dissolved." Minor Catoe in his answer says, "That he married the plaintiff at or about the time stated in her complaint, and deserted her a short time after, as she alleges. That he married her when he was hardly conscious of what he was doing, being under the influence of liquor; and that after reflection he concluded that he could not live with her, and it would be best for both parties that they should separate. He admits that he has not rendered her any support, and assigns as reason therefor that he never intended to live with her again, and has never had any means with which to support her." Complaint and answer both verified. Extracts from testimony before Referee Billings: John C. Catoe, sworn, among other things, testified, "was not at the marriage (ceremony), but he knows about the time they were married. It was in the fall of the year 1870; can't remember the particular day or month, but remembers the circumstances very well. Witness was living in the same house with the defendant at the time of the marriage. Witness says the defendant was absent a short time after he was married,

living, he supposed, with his wife. Can't state positively the length of time, but thinks it was only about three days. He then came back where he was living before the marriage and has never lived with her since." Laura McManus sworn: "Witness says she is a sister of the plaintiff. She was present at the time of the marriage of the plaintiff and the defendant. It took place in the public road, near Mr. Nathan Faile's house, and Rev. Mr. Nathan Faile performed the marriage ceremony * * * after the marriage plaintiff and defendant went to father's house. They lived together about a week, and then defendant left and they have never lived together since—the defendant has no property or means to support a family." Referee made his report on these facts, and the Circuit Court made a decree thereupon, and adjudged the marriage wholly null and void from the date of this decree, upon the grounds of desertion, and ordered the defendant to pay the costs. Decree dated February 6th, 1875. No mention is made anywhere in this record of any child or children.

The record and the information contained would, doubtless, have been material, not only with reference to the alleged marriage between Minor Catoe and Ann McManus, but with reference to the question whether Minor Catoe was the father of Dell Catoe, in view of the statement in the record that Minor Catoe deserted Ann about one week after the marriage, and the testimony on the trial that Dell Catoe was born eleven months after the marriage. But by the affidavits before the Court on this motion, it appeared that counsel for appellant became informed of this record after he had closed his testimony, but before respondent had closed his testimony in reply, and had debated in his mind the propriety of requesting that such record be put in evidence, but had decided not to do so, as it cut both ways. Under these circumstances, we do not think the Circuit Court committed error in refusing the motion.

But for the error in denying appellant the right to open

and reply in evidence and argument, there must be a new trial.

The judgment of the Circuit Court is reversed, and the case is remanded for a new trial.