## 8962

### ELLERBE *ET AL.* v. MARION COUNTY LUMBER CO.

(82 S. E. 1049.)

APPEAL AND ERROR. CASE. PLEADING. NEGLIGENCE. TRESPASS. EVIDENCE. DAMAGES. EASEMENTS. DEEDS. TIMBER. LOGS AND LOGGING.

1. Testimony which is irrelevant to the issues on appeal should not be included in the case.
2. A general allegation of negligence is sufficient in absence of a motion to make more definite.
3. In an action against a trespasser it is sufficient to allege the wrongful act of destruction, without any description of the instrumentalities with which it was committed.
4. In action against purchaser of standing timber for cutting and injuring timber not purchased, evidence that all timber growth was not destroyed *held* competent.
4a. In an action against a purchaser of standing timber, where the complaint alleged that such purchaser injured and destroyed large quantities of young timber, not covered by its deed, and undergrowth, brush, and shrubbery, it was not necessary to allege that the injury was done with an ax or saw or with a skidder.

5. In an action against a purchaser of standing timber for cutting timber not covered by the deed, evidence that timber to which the purchaser was entitled was not cut was not admissible in mitigation of damages, especially where the purchaser claimed that its time for cutting timber had not expired, as it might still cut the timber so left.

6. In an action against a purchaser of standing timber for cutting timber not covered by its deed, and injuring and destroying, by its operations, timber, undergrowth, brush, and shrubbery, the admission in reply of the answer to a question as to how much area the skidder set-ups covered, though not strictly proper, where the evidence to which it was a reply was brought out by plaintiffs on cross-examination, was not of great consequence, and, where defendant did not ask leave to rebut it, did not require a reversal.

7. The reply is a matter left largely in the discretion of the trial Court, where the testimony is competent and relevant.

8. In an action against a purchaser of standing timber, whose deed gave it the right to construct and operate a railroad across the land, the Court properly charged that this gave it no right to a tramway or spur track, instead of leaving to the jury the question whether two main lines of railroad and seven spurs was a reasonable method of removing the logs.

9. The operation of a steam car on woodland is an uncommon burden on the servient estate, and ought to be the subject of a special agreement.

10. Where a deed to standing timber gave the purchaser the right to construct and operate a railroad, the fact that the timber could be moved with less damage to the land by the construction of more than one railroad did not entitle the purchaser to construct more than the one road.

11. In an action against purchaser of standing timber for injury to other timber, shrubbery, etc., complaint *held* not to tender the issue of a reasonable method of logging by a system of railroads, so as to require the submission of a question whether the construction of two main lines and seven spur tracks was a reasonable method of removing the logs.

12. Where a deed provides for "a railroad" to be built and operated across lands, the Court need not submit an issue to the jury to determine whether *two* railroads and seven spur tracks were authorized by the deed, as a reasonable method for removing the timber

Before SPAIN, J., Marion, November, 1913.    Affirmed.

FOOTNOTE.—See note as to admissibility of evidence of benefit to owner in mitigation of damages for trespass.    20 A. & E. Ann. Cas. 925.

Action by Henry I. Ellerbe and others against Marion County Lumber Company. From a judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

The charge of the trial Judge was as follows:

Mr. Foreman and Gentlemen of the Jury: We have been engaged on this case ever since yesterday afternoon and you have been very patient in listening to the testimony. It is now incumbent on me to charge the law, and as it is in a very narrow compass it will not take me long to do so.

The questions of fact in this case are entirely for you. I cannot express my opinion on the facts; all I can do is to charge you what I conceive to be the law governing this case.

This is an action brought by the plaintiffs against the defendant for the recovery of $10,000 for certain alleged trespasses. The plaintiffs are the owners of this land under the will of William H. Ellerbe. During his lifetime he conveyed the timber on a tract of land belonging to him, known as the Ellerbe Grove plantation, to the Cape Fear Lumber Company, and the Cape Fear Lumber Company afterwards conveyed all of its right in that timber to Marion County Lumber Company.

Now, the plaintiffs allege that under this deed the defend-ant went on the land to cut the timber and that they cut timber under twelve inches in diameter, during the time they carried on timber operations on the land, in violation of the rights of plaintiff; that they wilfully and wantonly cut, removed and appropriated to its own use a large number of trees of a less diameter than those conveyed in the deed and in violation of the rights of plaintiff and over their protest; that it built tramways and spur tracks while the deed only gave them the right to build a railroad across their land.

It also alleges that the defendant negligently, wilfully and wantonly, over the protest of the plaintiff, destroyed

large quantities of young timber on the land, which was not covered by the deed and undergrowth and shrubbery, and also filled up ditches, land and also blockaded the roads. The deed in question is as follows: ('The Judge reads the deed.)

Now, the defendant comes in and admits paragraph one, two and four, admits that plaintiffs are the owners of the land, admits that the deed was made by William H. Ellerbe, by which this timber was conveyed, but deny each and every other allegation in the complaint—that is, it denies the alleged acts of trespass which the plaintiffs alleged.

That is the issue for you to determine: did they commit these acts of trespass, or did they not?

Before you can find in favor of the plaintiffs they are required under the law to establish every material allegation in their complaint by the preponderance of the testimony— that is, by the greater weight of the testimony. You cannot find in any event more than the amount sued for, which is $10,000, but if you conclude they are entitled to anything you can give any amount under $10,000 which you may see fit.

Now, as this deed conveyed this timber and the defendants are the owners of the timber by virtue of this deed, they had a right in accordance with the terms of this deed to go there and remove timber conveyed thereby, to wit: "Timber in the diameter of twelve inches or more." This deed did not give them any right to any timber less than twelve inches in diameter, nor did it give them any right to a tramway or spur track. It only gave them the right to operate a railroad across said land.

Now, the defendant alleges that they had a right to go in there and remove the timber and that any damage incident to the legitimate removal of the timber the landowner would have to suffer; but it is alleged in this complaint that they exercised their rights under this deed in a negligent, wilful and wanton manner. Now, the question is, were

they negligent? Now, Mr. Foreman, negligence is a mixed question of law and fact. What negligence is is a question of law, and whether it exists in this case is a question of fact for you. What is negligence? Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or the doing what such a person under the existing circumstances would not have done. Now, you take the facts and apply them to that definition and ask yourselves the question: was this defendant negligent or was it not? Well, if it was negligent in the exercise of its rights in the removal of that timber, then it would be liable in damages for that negligent act, but this complaint also alleges that they were not only negligent, but that their acts were wilful, wanton and over the protest of the plaintiff. Now, if a person is guilty of negligence, all you can give is what the law calls compensatory damages. That is awarded for the purpose of compensating for the loss sustained by reason of the alleged negligent act; but where a person commits an act wilfully, wantonly and in a high-handed manner, the law says the jury can give what is called punitive damages, or smart money. That is in addition to compensatory damages, and is given for the purpose of punishing the wrong-doer and also for the purpose of deterring others from doing likewise. Now, ask yourselves the question, did they go in there in the exercise of their rights under this deed relative to the removal of this timber and act in a wilful, wanton and high-handed manner and over the protest of the plaintiff? If so, they are liable for punitive damages, but if they went in there in the exercise of a claim of right, *bona fide*, without any aggravating circumstances, then they would not be liable for punitive damages. You cannot give speculative damages; you cannot give any consequential damages or remote damages. The damages you can award are only the natural and proximate damages that naturally and proximately flow from the alleged wrongful act.

The plaintiffs have submitted the following requests to charge:

I. The complaint alleges that the defendant cut and destroyed small timber and trees and undergrowth not covered by the deed under which it claimed and that it trespassed upon plaintiffs' land in other particulars set forth in the complaint. If you find from the evidence that the defendant committed these trespasses, or any of them, then the plaintiffs are entitled to recover as compensatory damages the difference in the value of the land before and after the injury complained of, such difference to be ascertained as of the time of the injury. I charge you that.

II. While in no case can you award speculative damages, yet if you find from the evidence that the defendant cut timber and trees on the land of the plaintiffs below the size mentioned in the deed under which defendant claimed, in arriving at the damage done to the land, you may take into consideration, and ought to take into consideration, the increased value given to the land by reason of this small timber growing thereon, and you should assess as damages any reduction in said value caused by the destruction of said small timber. I charge you that.

Now, gentlemen, that is the measure of damages; what was the value of this land before and what was the value of this land after the alleged acts of trespass? That is a question of fact for you. You heard the testimony and you will have to arrive at it the best way you can—the difference in the value of the land before and the value of the land after.

IV. If you find from the evidence that the plaintiffs are entitled to punitive damages in addition to compensatory damages, the amount of such punitive damages will be in your discretion, but, in such case, you will have no discretion to refuse such damages. I charge you that.

If you find, as I said before, that the trespass on this property was in a high-handed, wilful and wanton manner,

over the protest of the plaintiff, then they are entitled to recover punitive damages, otherwise, they are not entitled to punitive damages.

V. It was the duty of the defendant to cut and remove the timber bought by it with such care as to do as little damage as possible to the property of the plaintiff.

I charge you that, in connection with what I have already charged you, that any damages legitimate to the removal of the timber must be borne by the landowner, but for any negligence of the defendant, the defendant is liable.

VI. Under the terms of the deed introduced in evidence, the defendant had the right to build only one railroad on the lands of the plaintiff. I charge you that. I have already charged you that.

Now, Mr. Foreman and gentlemen, you have heard the testimony and I have given you in brief the law applicable to this case. Did the defendant commit these trespasses alleged in this complaint? Was it negligent; was it wilful and wanton? The measure of damage I have told you. You take this testimony and you weigh it. If you have any bias or prejudice against a corporation, divest yourselves of it. You are sworn to try the case according to the law and the facts. Now, you take the facts and go in the jury room and write your verdict and let it be a reflection of your honest convictions.

If you find for the plaintiff, say we find for the plaintiff, and write out so many dollars damages and sign your name as foreman.

The defendants' exceptions were as follows:

1. Because his Honor erred in admitting testimony over the objection of the defendant as to specific acts of damage claimed to have been done by the use of skidders, whereas, there was no allegation whatever in the complaint as to the use of skidders, and the admission of such testimony could only result in surprise to the defendant, which was thereby

called upon to meet proof unsupported by the allegations of the complaint.

2. Because his Honor erred in refusing to allow the witness, Haselden, to answer the question, "Did they leave more timber on there oversize than they cut undersize?" It being submitted that the measure of damages being the difference between the value of the land before the alleged acts of trespass, and after the alleged acts of trspass, it was error to exclude evidence as to one of the most important elements in determining the value after the alleged acts of trespass, to wit, the amount of timber left on the land.

3. Because his Honor erred in permitting the witness, Holt, over the objection of the defendant, to testify in reply as to the area taken up by skidder set-ups and alleged damages caused thereby; it being submitted that there was nothing in defendant's testimony to which this was in reply; and that it was error to admit in reply a new and independent line of testimony as to damages to which the defendant at such stage of the case was precluded from replying.

4. Because his Honor erred, after having charged the jury that the landowner must suffer reasonable damage, such as was incidental to the removal of the timber, in further charging the jury upon the facts of the case in violation of art. V, sec. 26, Constitution of 1895, that the defendant had no right to build a tramway or spur track to be used in the removal of the timber.

(a) It being submitted that the defendant, having been granted the timber, had the right to remove it in a reasonable way; that there was ample testimony to raise an issue of fact to go to the jury that, as applied to this particular land, the use of tramways and spur tracks was not only a reasonable method of removing the timber, but the most reasonable method, and that the charge withdrew such issue of fact from the jury, and the presiding Judge assumed its decision.

(b) It being submitted that the deed under which the defendant claimed showed on its face that it was the intention of the parties to the original contract that the timber should be removed by the use of railroads, and it was error to take the issue of fact thereby raised from the consideration of the jury.

(c) It being submitted that the right to operate a railroad on the land of necessity carried with it the right of such reasonable powers of use as rendered the enjoyment of the right granted effective in carrying out the purpose for which it was granted, to wit, the removal of the timber; and whether the defendant exercised such reasonable powers of use in a reasonable way, upon which there was ample testimony to make an issuable fact, was for the jury, which the charge took away from it.

*Mr. M. C. Woods,* for appellant, submits: *Allegation as to damage by use of skidder not responsive to allegations:* 31 Cyc. 701. *Measure of damages:* 61 S. C. 329; Trespass, Cent. Digest, par. 137; 70 S. E. 633, *distinguished. Easements granted in deed:* 12 Rich. 314; 80 S. C. 106; 14 Cyc. 1176; 86 N. W. 414; 65 N. E. 67; 27 N. W. 414; 27 N. W. 687; 44 So. 69. *Whether the use of the trams and spur tracks was reasonable should have been submitted to the jury:* 89 S. C. 498.

*Mr. L. D. Lide,* for respondent, cites: *As to damages:* 61 S. C. 329. *Defendant retained defeasible title in trees sold during term, and upon its failure to remove them within that time, they would become the property of plaintiffs:* 90 S. C. 176; 70 S. E. 633. *As to admission of testimony in reply:* 76 S. C. 529. *Construction of deed by Court in its charge:* 89 S. C. 334. *Lateral or branch roads:* 33 Cyc. 117.

October 3, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for malicious trespass. The defendant entered under a timber deed and cut the plaintiff's trees. The right to enter and cut is not in dispute, but is admitted. The wrong alleged lay in a negligent and wilful cutting, and in doing things not warranted by the deed. The defendant admits the commission of some wrong. So the only issue was how much damage was done.

The verdict was $5,000, one-half of the sum claimed.

There are four exceptions by the defendant.

One arises out of a construction of the deed; one arises out of the exclusion of testimony; two arise out of the admission of testimony.

The 129 pages of printed testimony has no relevancy to the issues made by the exceptions, except the small portion thereof, referred to and quoted in the exceptions. The whole testimony ought not to have been printed. Thereby a heavy and unnecessary burden has been put on the losing party.

We are of the opinion that none of the exceptions are sound, and that the judgment ought to be affirmed.

The complaint alleged in the seventh paragraph that the defendant "injured and destroyed by its operations large quantities of the young timber on said land, which was not covered by its said deed, and the undergrowth, brush and shrubbery thereon; that such injury and destruction were wholly unnecessary, and that it could have cut and removed with all reasonable convenience all the timber acquired by it under said deed without causing such injury or destruction."

Had the defendant been ignorant of the instrumentality whereby the damage to the young timber was done, or had it desired a more particular statement of such instrumentality, a motion to make the allegation more specific was available to it.

If a trespasser enters and cuts timber with an axe or a saw, the pleader need not allege the instrument; it is sufficient to allege the wrongful act of destruction. Under the

common law system of pleading it was only neces-
sary to charge that the defendant had entered by
force and trampled upon the grass of the plaintiff,
without any description of the instrumentalities that were
used. The Code has not altered that rule.

No more is it necessary to allege that the injury was done
by that modern moloch called a skidder.

The question which the defendant propounded to the wit-
ness, Haselden, and which the Court held to be
incompetent, was this: "Did they leave more timber
on there oversize than they cut undersize?"

The contention of appellant is, that the plaintiffs had
undertaken to prove that the land had been swept of all its
tree growth, and that the question propounded to the wit-
ness was put to disprove that contention.

It is true evidence would be competent which tended to
show that all the timber growth had not been destroyed.
And this witness, almost at the same moment, was allowed
to answer this question: "Mr. Holt testified yesterday that
everything of any value had been raked off of the land, small
timber, large timber and all; is that true or not?" The wit-
ness answered: "It is not true."

The defendant, therefore, got the benefit of the denial, in
one form if not in another.

The Court, besides, only ruled that it was not competent
for a trespasser to prove, in mitigation of damages, that
while he had cut trees he was not entitled to cut, he had left
others which he was entitled to cut. Furthermore, by appel-
lant's argument, "under the terms of the deed and the facts
that were developed, we had until *1918* to cut, and our
rights had not determined at the time of the contract, or *yet,
for that matter.*"

If that be true, and it is assumed to be true, the appellants
may "yet" go upon the land and cut the oversized timber.

The leaving of it on the land was not for the plaintiff, but
for the defendant themselves.

It was, therefore, incompetent and irrelevant to prove that there was on the land oversized timber which belonged to the defendant.

It is true that the third exception has some basis of technical merit in it.

The plaintiffs' witness, Holt, was asked in reply how much area the skidder set-ups took up. The defendant objected to the testimony because not in reply. The plaintiffs contend in argument that the testimony was in reply to that of the witness, Haselden. That is true, but Haselden testified about that matter, not at the instance of defendant's counsel, but on cross-examination.

The Court did not rule on the objection.

In strictness the testimony was not in reply, but it was very meagre, not of great consequence, and the defendant did not ask leave to rebut it.

The reply, if the testimony is competent and relevant, is a matter left largely in the discretion of the trial Court; and where it develops a grave issue the Court always permits a rebuttal.

The last and fourth exception is directed at the Court's instruction that the deed "did not give (defendant) any right to a tramway or spur track. It only gave them the right to operate a railroad across said land." The charge was made on plaintiff's request.

The exception is so amplified that it appears threefold; but it is really single.

The pith and point of it is, that when the grantor conveyed the timber, he conveyed every reasonable method of getting the timber off the land; and whether the system of railroad tracks built by the grantee was a reasonable method, was an issue for a jury, and not for the Court.

The plaintiffs' witnesses swore that there were two main lines of railroad and seven spurs, and that the aggregate length of the whole was nearly five miles.

So that the issue of law was, did the deed warrant the contention of fact that such was a reasonable method of getting the timber, or did the deed by words prohibit such method?

If the grantor had simply conveyed the timber, and expressed naught else, then the grantee would have had the right to take the timber off the land by any reasonable method, of which a jury would be the judges.

If the deed had conveyed the timber, and expressed a prohibition of any railroad, then the Court would have had to instruct the jury that a railroad was not one of the methods to be used in getting the timber off.

The case at bar is betwixt those stated.

After the grant of the timber, this language is used in the deed: (1) The grantee "to have exclusive rights of way over said land; (2) to have ingress and egress at any and all times for men, teams, etc.; (3) and the right to build, construct and operate a railroad across said lands so long as they may desire free of any charge."

The first and second rights, without any expression of them, are easements of necessity, and went along with the grant of the timber.

The third right would not have so gone; because the operation of a steam car on woodland is an uncommon burden on the servient estate, and ought to be the subject of special agreement.

Manifestly, the defendant had the expressed right to construct "a railroad;" and if the expression had been "only one railroad," then the defendant would clearly have been limited to that as matter of law.

On the other hand, had the expression been a "system of railroads," then, as matter of law, the defendant might have built more than one railroad.

Did the parties by contract in plain words so fix by law the method of operation; or did they leave it to be fixed by testimony about a reasonable method and verdict of a jury?

If the parties fixed the method by contract, to wit, a railroad, and meaning thereby one railroad, it matters not that the timber could have been moved with less hurt to the servient estate by the construction of more than one railroad.

There is no force, therefore, in the defendant's contention, supported by testimony, that the railroad system which is operated was best for the servient estate.

The further contention of the defendant is, that the plaintiff tendered to the jury the issue of a reasonable method of logging by a system of railroads; and that by the seventh paragraph of the complaint, already quoted.

But that paragraph has reference as much to the use of a skidder as to the construction of a railroad; and by a critical construction of the words of the paragraph it does not even refer to the damage which resulted from a construction of the railroad.

The sixth paragraph sets out the wrongful construction of the system of railroads, and charges exactly how the damage followed that act.

The seventh paragraph charges that the defendant, also, did other wrongful things. That, however, is too technical.

So the question comes back to the plain meaning of the words of the deed "the right to build * * * and operate a railroad across said lands." ·

It was the business of the Court to tell the jury what these words meant, if they are free from ambiguity. Plainly, the Court would have been right to instruct the jury that the defendant had the right to build a railroad, for the language of the deed so declares.

And if the words "a railroad" do not embrace two lines and seven spurs, it was the business of the Court to so instruct the jury. It would be the sanction of an unwarranted looseness of language to hold, that where the parties have agreed that "a railroad" might be built, a Court must stand aside the contract and submit to

a jury to enquire if thereunder two railroad lines and seven spur tracks was a reasonable method of removing the logs.

The parties must stand to their plain agreement.

The judgment below is affirmed.