10320

SANDERS v. BARNWELL LUMBER COMPANY.

(101 S. E. 860.)

1. PRINCIPAL AND AGENT—RELATION OF PRINCIPAL AND AGENT NOT TO BE PROVED BY UNSUPPORTED DECLARATION OF AGENT.—The unsupported declaration of an agent that he is the agent of another is incompetent to prove agency, but, when there are circumstances in the case from which the agency may be inferred, such testimony is competent; its sufficiency being for the jury.

2. TRESPASS—WILFUL TAKING OF TIMBER QUESTION FOR THE JURY.—In an action for actual and punitive damages for removal of timber where there was evidence that defendant before taking it had made efforts to buy it, question of whether the taking was a wilful and deliberate invasion of plaintiff's rights *held* for the jury.

3. TRESPASS—PUNITIVE DAMAGES RECOVERABLE FOR WILFUL TAKING OF TIMBER.—Where the taking of timber is wilful and a deliberate invasion of owner's rights, punitive damages are recoverable, and it is unnecessary that the taking be committed through malice or accompanied by threats, oppression, or violence.

4. TRESPASS—MEASURE OF DAMAGES FOR WRONGFUL TAKING OF TIMBER
STATED.—The owner's measure of damages for wrongful taking of
timber needed for plantation purposes is not the commercial value of
the timber as fixed by the stumpage, but is the difference between
the value of the plantation before and after the injury.

Before McIVER, J., Barnwell, Spring term, 1919. Affirmed.

Action by Mrs. Lottie C. Sanders against the Barnwell
Lumber Company. Judgment for plaintiff, and defendant
appeals.

*Mr. A. H. Ninestein,* for appellant, submits: *That it was
error to refuse appellant's first request to charge, which was
as follows, "I charge you that there is no sufficient evidence
to entitle the plaintiff to punitive damages or exemplary
damages," and in not confing the question of damages to
the actual stumpage value:* 26 S. E. 217; 92 S. E., p. 1001.

*Messrs. Holman & Boulware,* for respondent, submit:
*The action is strictly for a wilful tort, and the evidence is
sufficient to support finding as to punitive damages:* 81 S. C.
24, 61 S. E. 1064. *As to actual damages, the Judge cor-
rectly charged the jury that the measure of damages might
be the value of the land before and after the cutting, or might
be the commercial value of the timber:* 38 S. C. 284; 16 S.
E. 893.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action for actual and punitive damages, for
cutting down and carrying away of certain trees on the
plaintiff's land.

A man named Ray, representing himself as the agent
of the defendant, applied to the husband of the plain-
tiff and offered to buy the timber and also a right of
way across the land, for the defendant; but Mr. Sanders

refused to sell either. Mr. Sanders was afterwards approached by others, among whom was Mr. Patterson, a local attorney, and one who was well and favorably known to Mr. Sanders, with the same proposition. Mr. Sanders agreed, on behalf of his wife, to convey a right of way to other timber purchased by the defendant, but still declined to sell the timber except such as grew on the right of way. The agents and servants of the defendant went on the land and cut other timber than that covered by the right of way. The defendant expressed, at the trial, its willingness to pay for the timber cut, but insisted that it was only liable for the commercial value to be determined by the stumpage, at or about $1.50 to $2 per thousand, making about $150. The jury found for the plaintiff $800. From the judgment entered on this verdict, the defendant appealed.

1. The first exception complains of error in allowing Mr. Sanders to testify as to the transaction, between himself and Mr. Ray, inasmuch as there was no evidence that Mr. Ray was the agent of the defendant, except the alleged declarations of Mr. Ray. The unsupported declarations of an agent that he is the agent of another is incompetent to prove agency; but, when there are circumstances in the case from which the agency may be inferred, then the testimony is competent. Its sufficiency is for the jury. There were such circumstances testified to, and there was no error in admitting the evidence.

2. The second exception complains of error in that the presiding Judge refused a motion to direct a verdict as to punitive damages. There was abundant evidence that time and again the defendant made strenuous efforts to buy the timber; and, after repeated efforts to buy the timber and repeated failure to buy, the defendant took it. It was for the jury to say whether or not the taking was a wilful and deliberate invasion of plaintiff's rights. If it was, then the jury should have found punitive damages. This exception is overruled.

3. The third exception complains of error, particularly in not confining the jury to the commercial value of the timber, as fixed by the stumpage. The proposition contended for by the appellant is not the law. The plaintiff alleged that she needed the timber for plantation purposes; the actual damages was the difference between the value of the plantation before and after the injury, or the damage done by the injury. . See *English v. Clerry,* 3 Hill 279. The proof is by witnesses who are in a position to know, as was allowed in this case.

4. The appellant complains of error, in that his Honor refused to charge that punitive damages could be recovered "only when it is committed through malice, or accompanied by threats, oppression, or violence to the owner or occupant."

We have been cited to no authority, and we know of none, that sustains the proposition. The fifth exception seeks to confine the damages to the stumpage value, and has already been decided against the proposition.

The judgment is affirmed.