### 13982

PLUMLEY v. GOSNELL

(178 S. E., 261)

*Messrs. Morgan & Cothran,* for appellant,

*Messrs. W. E. Bowen* and *J. G. Leatherwood,* for respondent,

January 19, 1935.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

The sole question raised by the defendant, as appellant, is as to the admissibility on cross-examination of testimony to show that the witness had been convicted of several misdemeanors for the purpose of impeaching the veracity of the witness. Judge Greene refused to admit the testimony, and excluded the questions and answers from the consideration of the jury, after the Court had first sent the jury out and had permitted the questions to be asked and answered in the absence of the jury. The defendant has filed four exceptions and states in argument that the appeal is taken because the presiding Judge refused to allow certain questions and answers on cross examination of the father of the plaintiff, who was W. D. Plumley, and was offered as a witness by the plaintiff.

The plaintiff also appeals from the order of the Circuit Judge settling the case for appeal and disallowing the printing of certain matters more fully set forth in the three exceptions filed by the plaintiff.

The record shows that the plaintiff recovered a verdict for $6,000.00, actual damages, for injuries sustained by Hendrix Plumley, minor, under fourteen years of age and who had his right arm injured in the saws of a gin owned by the defendant, causing the arm to be amputated, and who also suffered injuries to his face, arm, and chest. The recovery was had against the defendant who was charged with negligence in permitting the said minor to lie down on the floor and sleep in close proximity to the gin saws, with the nature and danger of which he was unacquainted, and putting in motion the machinery, when the defendant knew that the said minor was asleep, as aforesaid; in allowing, directing, and permitting said minor to be in and around said gin and to work with such dangerous machinery, and to become injured while he was in the defendant's charge. Judgment was duly entered upon this verdict.

The statement of facts also sets forth that the answer of the defendant denied the material allegations of the· com-

plaint; denied that he was the operator of the gin; alleged
the negligence and contributory negligence of the plaintiff.

The order of Judge Greene settling the case for appeal ex-
pressly directs as follows: "Let it also appear that the testi-
mony introduced by various witnesses for the plaintiff tend-
ed to establish the allegations of the complaint, and it
might further be added that the testimony offered by the
defendant tended to establish the allegations of the answer."

While W. D. Plumley, who is the father of Hendrix
Plumley, was being examined in chief, as a witness for
the plaintiff, he testified: "And I told him, I said, Mr. Gos-
nell, he has never been out anywhere about any machinery
or any cotton gin or saw mill or nothing of that kind; and
I had a first cousin killed with a saw mill and I warned him
about keeping him away from these things and he said he
would."

On cross examination of this witness the defendant's
counsel immediately attacked this testimony of the witness,
who in answer to counsel's questions stated that he did not
testify at the other trial of this case about warning Mr. Gos-
nell to keep this boy away from the gin and sawmill and
"things like that," because they did not ask him. The wit-
ness then was asked whether on this Sunday, when he let
Hendrix go up there, did he not tell Mr. Gosnell to take him
and that the witness did not care "where in the hell he
went." The witness denied this statement emphatically,
thereupon counsel asked him if he had a little trouble with
the law lately, which question was objected to, unless it goes
to affect his credibility. The Court then ruled that "you can
bring out anything that tends to affect the credibility of the
witness"; to which counsel for the defendant replied, "I do
not know whether it is going to affect his credibility or not."
After further argument, the Court had the jury to retire for
the purpose of allowing such questions to be asked only in
the presence of the Court. Thereupon, in the absence of the
jury, defendant's counsel elicited from the witness that he

was then serving a sentence of sixty days, imposed by the mayor of Greer, for carrying a gun, and that he had been accused of having a little liquor in a bottle, carrying a gun, and resisting an officer, "but they throwed away all of the charges except the gun." The witness also admitted that he served a sentence in Spartanburg of thirty days for fighting, and had made a six months' sentence for liquor in 1927. He admitted, in other words, to three separate misdemeanors. The plaintiff's attorneys asked him if he had ever been convicted of stealing, to which he replied, "No, sir." The Court then ruled:

"The Court: I don't think those things that have been brought out would be admissible as affecting the credibility of the witness. And if that is all you want to bring out here. that line of question, why. * * *

"By Mr. Cothran: That is as much as I know, sir.

"The Court: I will sustain the objection."

The exceptions of the defendant-appellant charge error in excluding from the jury the foregoing testimony as to the three offenses and sentences thereon on the ground that the Court erred in holding that the "things brought out" did not affect the credibility of the witness.

It will, therefore, be seen that the appeal in behalf of the defendant relates solely and entirely to the admissibility of testimony on cross examination for the purpose of testing the credibility of the witness in regard to three misdemeanors relating to the liquor law, carrying of pistol, resisting an officer, and fighting. It will also be seen that the witness denied that he was sentenced for resisting an officer.

The appellant relies upon the case of *State v. Minor*, 165 S. C., 94, 162 S. E., 781, and does not cite any other authority or any other decision of this Court. Before holding that the case cited is of such compelling force and effect as to definitely and finally decide the matter, now before this Court, it will be necessary to look into the other decisions

of this Court in order to reach a conclusion. In referring to the case of *State v. Minor,* appellant states in the argument, "that somewhat the reverse of that case is here presented but the principle of law is exactly the .same." In that case the Supreme Court upheld the lower Court in admitting the testimony on the ground that the solicitor could, in cross examination of the appellant's witness, ask such questions as would enlighten the jury on the matter of the credibility of the witness as to the violation of the prohibition laws of the State. This Court upheld the ruling of the Circuit Judge in admitting such testimony. In that case the appeal was taken on the ground that the question propounded tended to show the reputation of the defendant minor as a violator of the prohibition law, when she had not, in her defense, sought to show that her reputation was good. This Court overruled this exception and then sustained the ruling of the Circuit Court under the facts of that case. At most, the case of *State v. Minor* holds that the admissibility of such testimony is within the discretion of the Court, under the authority of such recent cases as *Williamson v. Pike,* 140 S. C., 383, 138 S. E., 831; *State v. Petit,* 144 S. C., 452, 142 S. E., 725, and that the admission of testimony in criminal cases is largely in the discretion of the trial Judge and is not a ground for reversal, unless the admission of the testimony is prejudicial. The Circuit Court seemed to have that in mind in the *Minor case.* The case of *State v. Minor* did not overrule any of the decisions of this State and did not expressly refer to any decision of this State to sustain the point raised.

On the other hand, as early as the year 1836, in the case of *State v. Free,* 1 McMul., 494, it was held that in the cross examination of the witness, Petigru, by defendant's counsel, he was asked questions that proved that he had been guilty of taking two greatcoats, with a view to discredit him, and the Supreme Court held that this was clearly incompetent, although no objection was made to its compe-

tency; and there is little doubt that the presiding Judge would have rejected it, if any objection had been made to its competency. In the present case timely objection was made to the introduction of the testimony and it was excluded, which is fully in keeping with the rule set forth in *State v. Wardlaw,* 170 S. C., 116, 169 S. E., 840.

The case of *State v. Gibbs,* 113 S. C., 256, 102 S. E., 333, holds that the witness, Mrs. Lackey, wife of the slain man, could not be asked, on cross examination, if she had another living husband. This Court held: "In our judgment an affirmative answer would not have affected the credibility of the witness; and the approved practice in this State to discredit a witness is the testimony of others that the witness is not credible. See the cases below. *State v. Alexander,* 2 Mill, Const., 171; *State v. Free,* 1 McMul., 494; *Anonymous,* 1 Hill, 251; *State v. Wyse,* 33 S. C., 582, 12 S. E., 556. The exclusion of the answer of Mrs. Gibbs was therefore not error, but was right."

In the case of *State v. Bing,* 115 S. C., 506, 106 S. E., 573, 574, objection was made upon cross examination of the witness who was also one of the defendants, as to an alleged former conviction for housebreaking. This Court ruled that the credibility of the witness might be tested but that defendants' counsel should have made a motion to strike out the answer of the defendant, if he regarded it as inadmissible. The Court held in this case:

"The ruling of his Honor, the presiding Judge, that the credibility of the witness might be tested, was in accordance with these decisions. At the time of the ruling it did not appear how the credibility of the witness was to be tested. Therefore the defendants' counsel should have made a motion to strike out the answer of defendant, if he regarded it as inadmissible and not responsive to the ruling of his Honor, the presiding Judge. A similar question arose in the case of *State v. Mills,* 79 S. C., 187, 60 S. E., 664, in which this Court thus ruled:

" 'When this objection was made, there was nothing to show that the transaction inquired about was not one tending to affect the credibility of the witness. The Circuit Judge was not in error, therefore, at the time in admitting the question. Had the objection been made or renewed when it subsequently appeared the transaction did not tend to affect the credibility of the witness, it would have been error to allow the examination to continue.  *  *  *  But the objection was not made at that time, and must therefore be considered waived.' "

The rule stated in the foregoing case of *State v. Gibbs,* 113 S. C., 256, 102 S. E., 333, has been followed in this State on circuit and by this Court for fully a century and a quarter and there are many reported cases upholding the Circuit Court in excluding the testimony on cross examination, upon objection, as to the immorality or unchastity of such witness, *Sweet v. Gilmore,* 52 S. C., 530, 30 S. E., 395; *Kennington v. Catoe,* 68 S. C., 470, 47 S. E., 719; *State v. Tidwell,* 100 S. C., 248, 84 S. E., 778; *City of Greenville v. Spencer,* 77 S. C., 50, 57 S. E., 638; as to other difficulties such as fights and shootings not connected with the case on trial and drunkenness, *State v. Mills,* 79 S. C., 187, 60 S. E., 664; *State v. Knox,* 98 S. C., 116, 82 S. E., 278; *State v. Gilstrap,* 149 S. C., 445, 147 S. E., 600.

The testimony of W. D. Plumley, as a witness for the plaintiff, was not the only evidence adduced to sustain the allegations of the complaint, but various witnesses testified thereto. Nor did the so-called warning which Plumley testified that he imparted to Gosnell give any greater information to Gosnell than he already had, or should have had, in regard to his duty to exercise due care toward a minor of tender years and necessarily limited experience, who was related to the wife of Gosnell and had been at defendant's home about a week and a half before the injury was sustained. Plumley was not present at the time of the injury, and certainly the evidence as to how the gin was started up

while Hendrix Plumley was asleep so as to injure him was given by other witnesses; nor was the so-called warning one of the specifications of negligence. Whether the witness Plumley had been indicted for and convicted of these misdemeanors, which are not disqualifying offenses, was a matter wholly irrelevant to the issue of trial, and the rule is well settled that any statement made by him in regard to such collateral matters was not open to contradiction by other witnesses. This rule is founded upon two reasons, to wit: First, that a witness is supposed to be always ready to support his general character, but not to defend or explain all of his past acts; and, second, because such testimony tends to multiply the issues and confuse the jury. The exception to this rule is that it is competent to impeach the credibility of a witness by producing the record of his conviction of an infamous offense, which necessarily affects his character. In such cases the testimony must be confined to evidence of his general character. This case does not come within the exception. *State v. Wyse,* 33 S. C., 582, 12 S. E., 556.

In conclusion it is only necessary to quote the language of that distinguished jurist, learned scholar, and profound student of law, who recently adorned this Court and whose death is greatly lamented, Mr. Justice Thos. P. Cothran, in the case of *State v. Thompson,* 118 S. C., 191, 110 S. E., 113, 134:

"Considerable latitude is allowed in the cross examination of a witness (always within the control and direction of the presiding Judge) to test the accuracy of his memory, his bias, prejudice, interest, or credibility. In doing so the witness may be asked questions in reference to irrelevant matter, or in reference to prior statements contradictory of his testimony, or in reference to statements as to relevant matter not contradictory of his testimony. It does not follow, however, that the witness may be impeached by contradictory witnesses to the same extent that the interrogation may be permitted. * * *

"The restriction of the testimony is salutary, and much must be left to the sound discretion of the Judge even where the matter appears to be relevant. If it is irrelevant the contradiction tends to create an issue collateral in its nature. If it is relevant apparently, the presiding Judge should have the discretion to exclude the testimony where it would appear practically impossible for the jury to confine their consideration of it to purposes of impeachment, and not unconsciously treat it as substantive evidence."

Therefore, the exceptions by the defendant-appellant cannot be sustained, but are overruled. All four exceptions were argued by counsel as relating only to one subject-matter and each exception has been carefully considered and each and all of them are overruled.

The plaintiff has also appealed from the order settling the case for appeal upon three exceptions. The transcript of record is not excessively long, and contains only twenty-nine pages, including the matters disallowed by the order of Judge Greene. But the exceptions of the defendant-appellant were concisely confined to only one issue, and the transcript of record proposed by the defendant-appellant contains only eighteen pages. So that at least eleven additional pages are printed on the motion of the plaintiff. However, Judge Greene allowed in part the amendments proposed by the plaintiff, and his order is entirely fair and just to both parties. The matters which he disallowed may furnish interesting sidelights to the case, but they are not material to the appeal, and the plaintiff, by insisting upon all of these matters being printed, has caused more than the necesary testimony to be printed and is liable for the cost of all unnecessary printing to be taxed against plaintiff. Plaintiff's first exception is overruled and cannot be sustained, for the reason that the first trial before Judge Ramage is not an issue here and any reference thereto is unnecessary. The plaintiff's second exception is overruled for the reason that the allegations of the complaint

were sufficiently and succinctly set forth in the proposed transcript of record served by the defendant-appellant and the manner and extent of the injuries sustained by the minor plaintiff are included in the statement of facts, together with an ample history of the case, for the purposes of appeal. The third exception of the plaintiff cannot be sustained and is overruled for the reason that the extracts from the testimony of W. T. Looper and Katie Plumley, and the comments thereon to the effect that this testimony was not contraverted or denied by the defendant is not necessary or pertinent to this appeal, and the order of Judge Greene fully covered the relevant parts of such testimony and for the same reason the proposed extracts from the testimony of W. D. Plumley is not necessary. The plaintiff argues that these exceptions should be sustained and that the matters disallowed by Judge Greene were a part of the history of plaintiff's case under the authority of *DuPre v. Railway Company*, 66 S. C., 124, 134, 44 S. E., 580. But this Court has recently taken the occasion several times to enforce the rule and to curtail the printing of unnecessary matters in the record on appeal, and has enforced the provisions of Section 29, Vol. 1, Code of Laws of 1932, and the provision of Section 4 of Rule 4 of this Court. The case of *Jennie Ellis Garrison v. Coca-Cola Bottling Company, Inc., and Dixie Stores, Inc.,* 177 S. E., 656, heard and decided at the November term of 1934 of this Court, is the latest decision on the subject. Therefore, each and all of the exceptions served by the plaintiff are overruled and the plaintiff must pay the cost of printing such unnecessary testimony, and the Clerk of Court of Common Pleas shall tax up such cost against the plaintiff.

It is, therefore, the order of this Court that the exceptions of the defendant-appellant are overruled and the judgment below is affirmed; and that the cost of printing unnecessary testimony shall be taxed against the plaintiff by the Clerk of Court below.

Messrs. Justices Stabler, Carter, and Bonham, and Mr. Acting Associate Justice G. Dewey Oxner concur.