17274

A. M. SCHREIBERG and N. SCHREIBERG, Appellants, v.
SOUTHERN COATINGS & CHEMICAL COMPANY,
Inc., and Overton Manufacturing Company, Inc.,
Respondents

(97 S. E. (2d) 214)

70

*Louis L. Lesesne, Esq.,* of Kingstree, *for Appellants,* cites:

*Messrs. Connor & Connor,* of Kingstree, and *Nash & Wilson,* of Sumter, *for Respondent, Southern Coatings & Chemical Company, Inc.,*

*Messrs. Shuler & Harrell,* of Kingstree, and *Smith, Moore & Grimes,* of Georgetown, *for Respondent, Overton Manufacturing Company, Inc.,*

March 14, 1957.

STUKES, Chief Justice.

This is an appeal from an order of nonsuit. Plaintiffs brought the action for damages for alleged cutting and removal of timber which was excluded from their (plaintiffs') timber deed to defendant Southern Coatings & Chemical Company, Inc. That defendant answered to the effect that it, in turn, sold a portion of the timber which was conveyed by plaintiffs' deed to its codefendant, Overton Manufacturing Company, Inc., and if timber was cut and removed which was not conveyed by the deed, it was done by Overton and without authority or consent of the answering defendant.

Demurrer was interposed by plaintiffs to the foregoing answer of Southern Coatings upon the ground that the facts alleged therein did not constitute a defense, quoting from the demurrer, "in that the defendant may not, by contract with a third party, relieve itself of liability to the plaintiffs." After argument thereupon the court overruled the demurrer, thereby adjudging that the facts alleged in the answer constituted a defense to plaintiffs' cause of action. Plaintiffs did not appeal from this order, whereby it became the law of the case, whether right or wrong. *Erwin v. Patterson,* 229 S. C. 188, 92 S. E. (2d) 464, and cases cited, *Meyerson v. Malinow,* S. C., 97 S. E. (2d) 88. The evidence adduced by plaintiffs upon trial established the facts alleged in the answer. Therefore there was no prejudicial error in the order of nonsuit in so far as the defendant Southern Coatings is concerned.

The question as it relates to the co-defendant Overton is a horse of another color. Its answer contained the admission that it cut the timber from a portion of the land described in the complaint by virtue of an agreement between it and Southern Coatings, but denied that it had cut undersized trees. The timber deeds to which reference has been made, that from plaintiffs to Southern Coatings and that from Southern Coatings to Overton, were in evidence.

There was testimony by one of the plaintiffs and by two independent foresters that trees of less stump diameter than twelve inches, which was the minimum diameter of the timber conveyed, were cut and removed. Overton relied upon the following right which was granted by the timber deed of plaintiffs: "to cut, use and remove such small timber and trees, undergrowth, brush and earth, situate on the premises, as may in the judgment of the grantee, its successor or assigns, be useful, convenient or necessary in cutting, removing or handling the said timber and trees conveyed by this deed, or in exercising any of the rights and privileges granted hereunder."

Plaintiffs admit the efficacy of this provision of the timber deed and that Overton had the right to cut, use and remove small timber which was necessary in cutting and removing the timber which was conveyed; but the foresters who testified for plaintiffs said that they took this into consideration in their inspection of the premises and that none of the 1,167 undersized trees, which they counted to have been cut, had been properly cut under the quoted provision of the timber deed. Plaintiffs also introduced in evidence photographs of the stumps of several undersized trees which appeared to have been cut in violation of the terms of the deed.

In view of the foregoing and other evidence for plaintiffs nonsuit upon the cause of action against Overton Manufacturing Company was error and the case will be reversed for new trial as to it.

The following decisions are of some relevancy to the issues of this case: *Ellerbe v. Marion County Lbr. Co.,* 99 S. C. 158, 82 S. E. 1049; *Furman v. A. C. Tuxbury Land &Timber Co.,* 112 S. C. 71, 99 S. E. 111; *Baxley v. Barnwell Lbr. Co.,* 113 S. C. 109, 101 S. E. 646; *Sanders v. Barnwell Lumber Co.,* 113 S. C. 499, 101 S. E. 860; *Williams v. Atlantic Coast Lbr. Corp.,* 136 S. C. 423, 134 S. E. 390; and *Rowland v. Harris,* 218 S. C. 42, 61 S. E. (2d) 397.

The timber sale by plaintiffs was on written bids. The proposal was to sell the pine timber of twelve inches and upward stump diameter, and the cypress sixteen inches. Overton submitted a bid based on pine stump diameter of ten inches. This bid was rejected and that of Southern Coatings was accepted. Afterward Overton purchased from Southern Coatings the pine which it cut. Plaintiffs offered in evidence Overton's bid based on ten inches diameter, which was excluded upon its objection. Under the peculiar facts of the case we think that the rejected bid should have been admitted in evidence because it was relevant to Overton's desire, and therefore its intention, to cut the pine of smaller diameter than plaintiffs were willing to sell. The suit is for punitive, as well as actual, damages. This bit of evidence may tend to prove wilfulness.

Plaintiffs offered in evidence a letter from Southern Coatings to them, dated Aug. 18, 1954, which included the information that the cutting of the timber had been completed, and acknowledged receipt of complaint of undercutting, etc. It was excluded upon the objections of the defendants. Southern Coatings is now out of the case perforce the nonsuit, which we affirm as to it. As to the remaining defendant, Overton, the letter would be hearsay, and inadmissible.

Upon the cross-examination of one of the plaintiffs he was questioned over objection about extraneous matters which had nothing to do with the issues on trial, and plaintiffs have excepted. The range of cross-examination is largely within the discretion of the trial judge

and, as to the most of these matters, we are not convinced that there was such an abuse of discretion as to constitute reversible error. The court upon new trial may, in the exercise of a sound discretion, exclude all of the matters of which plaintiffs now complain. The rule was stated in *State v. Burnett*, 226 S. C. 421, 85 S. E. (2d) 744, 748, upon the cited authority of other recent decisions, as follows: "The general range and extent of cross-examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit the witness or impeach his moral character. The discretion of the trial court in allowing cross-examination is not subject to review except in cases of manifest abuse or injustice."

However, in the cross-examination which has been ■ alluded to, the admission of the following was, we think, error. One of plaintiffs was asked by defendant's counsel about the prior existence of a liquor still on their property, which the court permitted over objection. The objection should have been sustained. In *State v. Jones*, 182 S. C. 1, 188 S. E. 178, exclusion of irrelevant cross-examination with reference to pending divorce of the witness was approved. In *Soulios v. Mills Novelty Co.*, 198 S. C. 355, 17 S. E. (2d) 869, the cross-examination of a witness concerning sale by his company of slot machines was condemned as error, and it was said that it was manifestly for the purpose of prejudicing the minds of the jury because it is common knowledge that the handling of slot machines, which may be gambling devices, brings public disfavor, and this was an issue foreign to the case, just as the liquor still is in the case at bar. In *Plumley v. Gosnell*, 175 S. C. 30, 178 S. E. 261, cross-examination of plaintiff's witness respecting guilt of misdemeanors relating to liquor law, carrying pistol, and fighting was held properly excluded as irrelevant and not affecting his credibility; and many earlier cases of like holding were cited and reviewed.

Our most instructive authority upon the subject is *Gantt v. Columbia Coca-Cola Bottling Co.*, 204 S. C. 374, 29 S.

E. (2d) 488, opinion by Mr. Justice Oxner. There, as here, the question arose upon the cross-examination of the plaintiff when he was asked about his former plea of guilty in federal court to the charge of the operation of an unlawful still. The cross-examination was admitted, as was the indictment and guilty plea. It was held not error because the crime, to which the witness had pleaded guilty, included the element of intent to defraud the government of the tax imposed upon distilled spirits. Many decisions, state and federal, were reviewed and the conclusion was reached that such cross-examination should be restricted to crimes affecting credibility. This is, of course, because the only legitimate purpose is to impeach the credibility of the witness. The *Plumley case, supra,* 175 S. C. 30, 178 S. E. 261, was differentiated, just as the case at bar should be differentiated from the *Gantt case.* Here there is no contention that the witness was engaged in the operation of the still or had any guilty knowledge of its existence on his property, much less that he had been indicted in connection with it.

Reversed for new trial as to Overton Manufacturing Company, Inc.

TAYLOR, OXNER and MOSS, JJ., and G. DUNCAN BELLINGER, Acting Associate Justice, concur.