21976

Ann M. WOOTEN, Administratrix of the Estate of Richard Douglas
Wooten, Appellant, v. William H. AMSPACHER, M.D., Respondent.

(307 S. E. (2d) 232)

*J. Kendall Few*, Greenville, *for appellant.*

*W. Francis Marion* and *Frances D. Ellison*, Greenville, *for
respondent.*

Sept. 15, 1983.

HARWELL, Justice:

Appellant initiated this medical malpractice action under the survival statute for injuries, pain, and suffering alleged to have arisen out of an operation performed by the respondent. The jury returned a verdict for respondent. Appellant alleges the trial court erred in denying her motion for a new trial. We agree and reverse.

First, appellant contends the court erred in admitting evidence concerning her separation from her husband prior to his death and her subsequent remarriage after his death. Previously we held this evidence is not admissible in a wrongful death action where the issue is the widow's or widower's damages. Otherwise, the evidence would require a speculative comparison of the merits of the first spouse and the second spouse. *Smith v. Wells*, 258 S. C. 316, 188 S. E. (2d) 470, 472 (1972). We conclude this evidence, likewise, is inadmissible in a survival action. Appellant, as administrator of her late husband's estate, is attempting to recover damages he sustained due to respondent's alleged negligence and not those she personally sustained. *Bennett v. Spartanburg Ry., Gas & Elec. Co.*, 97 S. C. 27, 81 S. E. 189 (1914). Appellant's separation from her husband and her subsequent remarriage are not relevant to any damages her husband suffered. The admission of this irrelevant and prejudicial evidence constituted error.

Next, appellant argues that the court erred in allowing cross-examination concerning unrelated lawsuits pending against her. We agree. The other lawsuits involved a closely held corporation of which appellant's husband was president. We fail to comprehend how that evidence relates to the present survival action. Although the range and extent of cross-examination are within the sound discretion of the trial judge, the testimony must relate to matters pertinent to the issue or to specific acts which tend to discredit the witness or impeach his moral character. *Schreiberg v. Southern Coatings & Chemical Company*, 231 S. C. 69, 97 S. E. (2d) 214 (1957).

Because we reverse this case and remand for a new trial, we need not reach appellant's other exceptions.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.