8804

ELDER HARRISON CO. v. JERVEY.

(81 S. E. 501.)

INTOXICATING LIQUORS.  RECOVERY OF MONEY COLLECTED.  ILLEGAL TRANSACTIONS.

Where defendant's intestate, either as agent or as a principal, acting with plaintiff, sold intoxicating liquors supplied by plaintiff in violation of the laws of this State, and collected and received the purchase price therefor, plaintiff could not sue for the balance of the amount so collected, after deducting credits due the intestate, since the test of recovery in such cases is whether there is a legal obligation in favor of the plaintiff separate from the illegal transaction, and requiring no aid from it, and the obligation of the estate could not be separated from the sales by the intestate; the debt resting upon such sales and the account arising therefrom.

Before SHIPP, J., Charleston, June, 1913.    Reversed.

Action by the Elder Harrison Company against Theodore D. Jervey, administrator of C. H. Jervey, deceased.    From a judgment for plaintiff, defendant appeals.

*Mr. Theodore D. Jervey, administrator, in pro. per.* appellant, cites: *The matter arises on demurrer to the allegations:* 27 S. C. 107-110; 16 S. C. 540; 21 S. E. 540; 35 S. E. 759-761; 42 S. E. 197; 69 S. E. 292; 41 S. E. 974; 70 S. E. 1038. *In the accounting the whole case must be taken together, and upon that plaintiff cannot recover:* 6 Term Rep. 405-408; 19 U. S. Sup. Ct. Reporter, 846; 7 Wall. (U. S.) 558. *Recovery would enforce division of profits on an illegal transaction:* 30 N. J. Eq. 257; 16 Miss. 264; 71 S. E. 920; 19 Sup. Ct. Rep. 851; 117 Pac. 1086; 3 Kent 25; 1 Hill 37. *Agency in illegal transactions:* Story Agency, pp. 231, 279, 422; 7 Wall. (U. S.) 542-558. *Defendant's possession arises from law:* 1 Code of Laws, sec. 3610. *Obligation to the public:* 1 Code of Laws, sec. 3632. *Public policy:* 31 S. E. 334; Crim. Code, secs. 829, 794; 78 S. E. 641; *Anderson* v. *Moncrieff, admr.,* 3 deS. 124; *Tennett* v. *Elliott,* 1 Bos. & Puller 3, and *Farmer* v. *Russell,* 1 *Ib.* 298, distinguished; *Carson* v. *Rembert,* 2 Bay 506, overruled by *Mordecai* v. *Dawkins,* 9 Rich. 262.

*Mr. Paul M. McMillan,* for respondent, cites: *Agent cannot question legality of transaction:* 3 deS. 124; 28 S. C. 465; 53 S. C. 179; 1 Bailey 315; 18 How. (U. S.) 293; 16 Wall. 499.

April 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

One C. H. Jervey, now dead, sold liquor to sundry persons in the city of Charleston, and collected the proceeds thereof.

The sale was in violation of the letter of the State law.    The Elder Harrison Company supplied the liquor from the State of Maryland.    Jervey was not faithful to his trust; he kept some $400 of the money he collected.    The Elder Harrison Company sued Jervey's estate therefor.    The administrator pleads that a Court ought not to entertain the suit.    That is, the issue.    The Court below overruled the plea, and sustained the action, and the administrator appeals to this Court.

There was some contention at the bar about whether Jervey acted as the agent for the Elder Harrison Company, or whether he acted as a principal with that company in the sale of liquor; each party doing that which he could to further the unlawful enterprise.

The pleadings put in issue the strict matter of agency, and the stipulation of counsel has not settled it; and, although the Court below found that Jervey was the "soliciting agent of the plaintiff," such a conclusion was not warranted from the pleadings or the stipulation.    The fact is the transaction was accomplished as the exigencies of the case demand; the company shipped the liquor to Charleston, and Jervey sold it for the company, collected the proceeds, and remitted the same to the company.    Jervey, therefore, might be called agent for the company, or a principal acting along with the company; each doing his part towards the venture.    It matters little what the relationship is called when the real transaction is understood.    A consideration of cases from other jurisdictions than this State would not be helpful, but the contrary.    In this State even, the cases are in apparent, if not real, disarray.    It would be an idle task to review them, to explain them, or to attempt to reconcile them; they speak for themselves, and their voice cannot now be changed, and its authority preserved.    The cases run from *Anderson* v. *Moncrieff,* in 3 deSaus. 124, to *Rountree* v. *Ingle,* in 94 S. C. 236, 77 S. E. 931, 45 L. R. A. (N. S.)

776. Some things are plain in the cases, and some things are obscure; it is always so.

It will not be denied by anybody that, if the Elder Harrison Company had sued, for the price, a purchaser of its liquor in Charleston, the plea by the purchaser that the sale was unlawful would have defeated the action. It is reasonably settled that, if the Elder Harrison Company had sold liquor to a man in Charleston, and the purchaser had paid the price to a bank at Charleston as collector, the bank could not avoid payment to the vendor on the plea that the sale was unlawful. The case at bar is betwixt those stated.

In the case at bar Jervey not only "collected and received" the purchase price of the liquor (complaint), but his duties consisted, also, in "soliciting sales and selling intoxicating liquors" (answer). And the fund in Jervey's hands is the aggregate of an account, "after deducting all credits due Jervey" (complaint, fourth paragraph).

Before it can be ascertained how much Jervey's estate is due to the Elder Harrison Company, inquiry must be had, and it must then appear by the evidence that Jervey sold liquor to ten persons, that he was entitled to keep certain credits for himself, and that a balance of some $400 is due to the Elder Harrison Company. In a word, Jervey's estate must make up an account, already stated in the complaint, and that account tells the tale of wrongdoing.

"The long-settled test of recovery, namely, whether there is a legal obligation in favor of the plaintiff against the defendant *separate* from the illegal transaction, and requiring no aid from it." Such is the latest and most satisfactory rule laid down in this State. *Rountree* v. *Ingle,* 94 S. C. 236, 77 S. E. 931, 45 L. R. A. (N. S.) 776.

The obligation of the estate of Jervey to pay cannot be separated from ten sales of liquor made by Jervey for the Elder Harrison Company; the debt rests upon those sales and the account arising thereout. The suit is upon an

account, and the items of the account must be proved. This conclusion is contrary to that reached by the Court below.

The judgment of the Circuit Court is reversed, and the complaint is dismissed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MESSRS. JUSTICES HYDRICK and WATTS dissent.