## 10211

### GRISTE v. BURCH.

(99 S. E. 703.)

1. GAMING—SLOT MACHINE.— Slot machine operated with nickels, which, whenever a nickel was deposited, gave chewing gum, etc., but might also give in addition a number of trade checks indicated in advance, etc., *held* an unlawful machine under Cr. Code 1912, sec. 490, in that it did not give a certain and uniform return in value for each coin deposited.

2. GAMING—RECOVERY OF FORFEITED SLOT MACHINES.—The owner of a slot machine unlawful under Cr. Code 1912, sec. 490, cannot in an action in claim and delivery recover the machine from the sheriff after seizure.

Before SHIPP, J., Florence, at chambers, April 22, 1919. Modified.

Action by Willie G. Griste against Thomas S. Burch. From judgment for plaintiff, defendant appeals.

This is an action in claim and delivery to recover possession of a certain machine or device hereinafter described. The complaint alleges that the cause of the withholding of said machine was the unlawful seizure and confiscation thereof by the defendant in his official capacity as sheriff on account of an alleged violation of section 490 of the Criminal Code.

The defendant by his answer admits that the plaintiff was the legal owner of the property at the time of the seizure and confiscation thereof, but denies that his detention of the property was wrongful, and relies upon section 490 of the Criminal Code, which is as follows:

"It shall be unlawful for any person to keep on his premises or operate or permit to be kept on his premises or operated within this State, any slot machine of whatever name or kind, except automatic weighing, measuring, musical and vending machines which are so constructed as to give a certain uniform and fair return in value for each coin

24—112

deposited therein, and in which there is no element of chance. Any person whomsoever who shall violate this section shall be subject to a fine of not more than one hundred dollars, or imprisonment upon the public works of the county wherein the offense is committed for a period of not more than thirty days."

For the purpose of determining the issues in this case, the following facts were admitted to be true:

"This is a new machine on a new principle and an aggregation or combination of very delicate and intricate mechanisms. It is operated by depositing a nickel and pulling a lever, and by such operation the vendor automatically sells and delivers to the purchaser a package of chewing gum, after dinner mints, or other package confections. In every instance when the vendor is operated with a nickel it is admitted that the purchaser thereby receives a standard package of chewing gum, after dinner mints, or other package confections, and which has a universal, fixed commercial value of five cents, and that there is absolutely no element of chance involved when the vendor is operated with a nickel, for the reason that the purchaser thereby receives a certain, uniform, and fair return in value for each coin deposited therein, and the prospective purchaser is advised in advance of each operation by an automatic enunciator plainly and exactly what return he will receive as the result of his operation, and in no instance does the prospective purchaser fail to receive full compensation by way of merchandise for everything of value deposited in the operation of said automatic gum vendor. In addition to the five-cent package of chewing gum received by the purchaser when he operates the automatic vendor with a nickel, he may also receive trade checks, from 2 to 20, which are automatically delivered to him by the vendor at the same time that he receives the five cent package of chewing gum, and which checks are offered as a special inducement to sell the chewing gum and other package confections automatically sold and

delivered by this vendor, but in each and every instance the prospective purchaser is automatically advised in advance of each operation by the automatic enunciator on the vendor whether or not he will receive any trade checks in addition to the gum, and, if so, how many. These trade checks have no intrinsic market value, and they may be used in operating the vendor, but the prospective purchaser is clearly and plainly advised in advance by the enunciator on the vendor exactly what he may expect to receive by way of return in the operation of the vendor with trade checks, and in every instance he is advised in advance by the automatic enunciator that he will not receive any chewing gum or other package confections when he operates the vendor with trade checks, though he may receive additional trade checks in return, and by the automatic enunciator on the vendor he is advised in advance before commencing the operation of the machine with a trade check exactly how many trade checks he will receive in return. These trade checks are redeemable for the sum of five cents each in the purchase of merchandise from the custodian of the vending machine, and the purchaser has the privilege of using the trade checks for the purchase of merchandise only in the store of the custodian of the vending machine, or employing them for the further operation of the automatic vendor for the purpose of obtaining more trade checks."

His Honor, the Circuit Judge, made the following order:

"There are only two issues arising in this case: First, is the slot vending machine as described in the complaint and the statement of facts agreed upon an unlawful machine under section 490 of the Criminal Code of South Carolina? Secondly, is such machine subject to confiscation by the sheriff if he finds it has been operating within his county? I find that, while this machine gives full value for each coin deposited in it by the person desiring to buy through it, and while there is no element of chance in such a purchase, yet, since the sales made by the machine are not uniform, in that

sometimes trade checks are given in addition to the article purchased, which trade checks, though they have an intrinsic value, are good in trade at the store or place of business wherein the machine is situate, that the machine, by reason of this fact, is unlawful under the said section of the Criminal Code.

"In regard to the right of the sheriff to confiscate these, I find that, although the machines are in violation of the criminal law, yet since the statute does not expressly provide that they shall be forfeited or subject to confiscation, they cannot be so confiscated by the sheriff, and inasmuch as the machines are the property of the plaintiff and recognized as such by the law, notwithstanding they are unlawful if operated by him, they are, therefore, subject to an action at law for the recovery thereof by the plaintiff.

"Therefore, I hold that the plaintiff is entitled to the property described in the complaint or the value thereof in case a delivery thereof cannot be had in the sum of $75, and it is so ordered."

The defendant appealed upon exceptions, assigning error on the part of his Honor, the Circuit Judge, in ruling that the plaintiff was entitled to recover the possession of the machine; and the plaintiff gave notice of a motion to affirm the judgment, on the ground that his Honor, the Circuit Judge, erred in holding that the machine was being operated in violation of section 490 of the Criminal Code.

*Mr. S. M. Wetmore,* for appellant, submits: *That while the machine is not a gambling device, for the purchaser gets full value of his mode, yet it is operated in violation of law, in that it is not "so constructed as to give a certain uniform and fair return in value for each coin deposited therein:* Criminal Code of South Carolina 1912, sec. 490. *Now, as to the other question, as to whether or not the sheriff has the right to confiscate such machine? Perhaps, technically, he has not such a right, as the statute does not provide for confiscation, but if the machine is unlawful, and designed to be*

*operated so as to violate the criminal law of the State, it has no value whatever as property, hence is not subject to an action at law for its recovery. The old legal maxim, "de minimis lex nor curat," applies.*

*Mr. J. D. Gilland,* for respondent, submits: *That the Circuit Judge erred in his construction of the term "uniform" as employed in section 490 of the Criminal Code of 1912:* State Const. 1895, article VI, section 3; State Const. 1895, article X, section 1. *The antomation described in this appeal is lawful in its principle of operation and within the exceptions of the statute, but lawful or unlawful, neither the sheriff nor any other peace officer of the State, is clothed with legal authority under the statute to seize, confiscate and declare the automaton forfeited in ·a summary manner, without plenary process:* Criminal Code of South Carolina, sec. 490.

June 23, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

1. For the reasons stated by his Honor, the Circuit Judge, this Court is satisfied with his conclusions that the machine is not so constructed as to give a certain and uniform return in value for each coin deposited therein. His Honor, the Circuit Judge, also ruled that there was no element or chance connected with the operation of the machine. There was no appeal from his ruling in this respect, and such question is not before the Court for adjudication.

2. The next question is whether there was error in the ruling that the plaintiff had the right to recover the possession of the machine. Both the possession and the use of the machine are made unlawful; and any person violating the provisions of the said section shall be subject to the fine therein mentioned. If the Court should allow the plaintiff to recover possession·of the machine, the restored possession

would still be unlawful, and its possession would subject the plaintiff to a fine. Under such circumstances, the Court will not permit the use of its process. *Lanahan v. Bailey,* 53 S. C. 489, 31 S. E. 332, 42 L. R. A. 279, 69 Am. St. Rep. 884; *Rountree v. Ingle,* 94 S. C. 321, 77 S. E. 931, 45 L. R. A. (N. S.) 776, Ann. Cas. 1915a, 1002; *Elder Harrison Co. v. Jervey,* 97 S. C. 185, 81 S. E. 501.

In the first mentioned case, this Court quotes with approval the following language from *Bank v. Owens,* Pet. 539, 7 L. Ed. 508:

"No Court of justice can, in its nature, be made the handmaid of iniquity. Courts are instituted to carry into effect the laws of a country. How can they, then, become auxiliary to the consummation of violations of the law? * * * There can be no civil right when there is no legal remedy, and there can be no legal remedy for that which is itself illegal."

Judgment modified.

MR. JUSTICE FRASER, *concurring.* The statute says, "keep on his premises, or operate or permit to be kept on his premises or operated." I see nothing in the statute to indicate that "or" means "and." To so hold is to repeal the statute as to the purchaser, and not the owner operating the machine.

MR. JUSTICE GAGE. I concur with the CHIEF JUSTICE.

MR. JUSTICE HYDRICK. I dissent. The statute does not provide for a confiscation of the plaintiff's property, and, therefore, the sheriff had no right to seize and keep it or to destroy it. The statute does not make it a crime for the plaintiff to have the machine in his possession, except for the purpose of operating it contrary to law. I think the judgment of the Circuit Court should be affirmed.

MR. JUSTICE WATTS concurs with MR. JUSTICE HYDRICK.