16704

SMITH v. JOHNSON *ET AL.*
(74 S. E. (2d) 419)

*Messrs. Davis* and *Lanford,* of Columbia, *for Appellants,*

*Messrs. Connor & Connor,* of Kingstree, *for Respondent,*

Jan. 20, 1953.

Oxner, Justice.

The principal question on this appeal is whether the Court below erred in holding, as a matter of law, that there was insufficient evidence to establish a valid gift *inter vivos* of a 1947 Chevrolet automobile and a diamond ring by Joseph E. Johnson, now deceased, to his sister-in-law, appellant Eleanor B. Johnson.

Joseph E. Johnson resided in Williamsburg County where he owned and operated several farms. He died on November 26, 1949, leaving an estate appraised at approximately $31,-000.00. On November 19, 1947, he executed a will in which he gave the bulk of his property to his brother, J. N. Johnson, and named him as executor. Under the terms of this will the property in controversy would have passed to J. N. Johnson. However, on April 5, 1949, Joseph E. Johnson executed a codicil to the above will specifically giving the automobile and diamond ring to his nephew, respondent T. R. Smith.

On December 7, 1950, the will and codicil above mentioned were duly admitted to probate in Williamsburg County and J. N. Johnson qualified as executor. Thereafter in an inventory filed by him, the automobile and diamond ring were listed as assets of the estate. Sometime later respondent T. R. Smith, claiming to be the owner as legatee under the codicil, demanded possession of the automobile and ring. Possession was refused and thereafter T. R. Smith, who was then in the Navy, instituted this action in claim and delivery through his attorney in fact, B. C. Cooper. The usual bond and affidavit were given to obtain immediate de-

livery. Appellant Eleanor B. Johnson then filed the necessary undertaking to retain possession.

The executor, J. N. Johnson, alleged in his answer that there was considerable indebtedness against the estate and that he was entitled to retain possession of all personal property until said indebtedness had been discharged. Appellant Eleanor B. Johnson alleged that the automobile and ring ·did not constitute assets of the estate but belonged to her by reason of a gift made by the deceased on May 29, 1949.

On the trial of the case, the Judge directed a verdict in favor of T. R. Smith for the possession of the property. He held that the testimony was insufficient to establish a gift *inter vivos* because there was no proof of delivery, an essential element. He then submitted to the jury the question of the value of the property and the damages, if any, sustained by T. R. Smith as a result of its wrongful detention. The jury fixed the value of the property at $1,000.00 and further awarded damages in the sum of $1,000.00 against appellant Eleanor B. Johnson. This appeal followed.

The only question which we find it necessary to determine is whether under the evidence the issue of delivery of the property by the deceased to Eleanor B. Johnson should have been submitted to the jury.

"There can be no doubt that to constitute a complete gift of a chattel there must be a delivery—some act which indicates a relinquishment of possession and dominion on the part of the donor in behalf of the donee," *Sprouse v. Littlejohn*, 22 S. C. 358. In *Lynch v. Lynch*, 201 S. C. 130, 21 S. E. (2d) 569, 572, the Court quoted with approval the following from 24 Am. Jur., Gifts, Section 22, page 741: "In other words, to have the effect of a valid gift *inter vivos*, the transfer of possession and title must be absolute and go into immediate effect, so far as the donor can make it so by intent and delivery. It must be so complete that if the donor again resumes control over the property, without the consent of the donee, he will become

liable as a trespasser." In *Bennett v. Cook,* 28 S. C. 353, 6 S. E. 28, 30, the Court said:

"To constitute a legal gift there must be an actual or constructive delivery of possession so as to confer the right of enjoyment *in praesenti.* The rule seems very plain, but there are so many kinds of personal property, and circumstances are so various, there is often no little difficulty in applying it properly.

"It has been settled that it is not necessary that there should be in all cases an actual manual delivery. The principle is stated thus: 'Property in a chattel cannot be transferred by a parol gift without delivery; but by delivery is not meant an actual manual delivery in all cases, but any circumstances amounting to a clear demonstration of the intention of the one to transfer, and of the other to accept, and which puts it into his power, or gives him authority to take possession, is all that is necessary, and is a fact that is left to the jury.' *Reid v. Colcock,* 1 Nott & McC. 592; *Hatton v. Banks,* [1 Nott & McC.] 221; *Blake v. Jones* [Adm'r], Bailey Eq. 141."

The testimony will now be reviewed to determine whether, in the light of the foregoing principles, the issue of delivery should have been submitted to the jury.

The executor of the estate, J. N. Johnson, and his wife, appellant Eleanor B. Johnson, resided near Columbia, South Carolina, a distance of about 75 miles from the home of the deceased, who appears to have visited them quite frequently. Appellant claims that the automobile and ring were given to her on Sunday, May 29, 1949, during a visit of several weeks made by deceased. Several witnesses testified that they were present and heard the deceased say he was giving the ring and automobile to her. Appellant also offered testimony tending to show subsequent declarations by the deceased that he had made this gift. On the other hand, respondent's testimony showed numerous statements by him that this property was to go to his nephew, T. R. Smith.

It seems to be undisputed that neither the ring nor the automobile was delivered to appellant at the time of the alleged gift. She testified in part as follows:

"Q. And he came there in May, how long did he stay down here? A. I don't know, about two or three weeks.

"Q. And you stayed with him all that time? A. No, I didn't stay here at all with him.

"Q. But he kept the car with him? A. Yes, sir.

"Q. And that was after he had given it to you? A. Yes, sir."

After making the foregoing visit, the deceased returned to his home in Williamsburg County. In June he made another visit to appellant's home for a period of eight or nine days. He returned on August 8th and remained continuously from that time until his death on November 26, 1949. Appellant testified that he had been unwell for a long time and at various intervals over a period of six years she had nursed and cared for him. She said that a short while after coming to her home on August 8th, the deceased became practically helpless and she took care of him until his death. She does not claim that the gift was made to compensate her for these services. In fact, she has filed a claim therefor against the estate.

It is undisputed that after May 29, 1949, the date of the alleged gift, the deceased continued in possession of the automobile and used it rather frequently. On numerous occasions during the summer of 1949, he was seen driving it around his home in Williamsburg County and at times would have others drive for him. Appellent says that after coming back to her home on August 8th, "he never did bother it (the car) any more", which obviously was due to the fact that he was not in a physical condition to use the car.

We are unable to find any evidence reasonably tending to show a delivery. No explanation is given of the retention of possession and use of the car by the deceased after the alleged gift on May 29th. This fact, un-

explained, is incompatible with a gift. 24 Am. Jur., Gifts, Section 38; 38 C. J. S., Gifts, § 26.

In reaching the foregoing conclusion, we have not over-looked certain early cases in this State cited by appellant. An interesting and able review of these and others was made by Messrs. Bernstein and Coleman in an article entitled, "What Constitutes a Sufficient Delivery of a Gift in South Carolina", found in the January, 1942, issue of the Year Book of the Selden Society, published by the Law School of the University of South Carolina. 6 Selden 54. In a number of these decisions, the Court was very liberal in determining what constitutes a delivery. We do not think the doctrine of constructive delivery there laid down should be further extended by holding that there was such in this case as to the automobile. To do so would, in effect, necessitate dis-pensing with delivery as an essential element of a gift *inter vivos*.

The situation with reference to the diamond ring is some-what different. While it was not delivered at the time of the alleged gift on May 29th and was worn by deceased for some months thereafter, there is abundant testimony to the effect that this ring was delivered to appellant by de-ceased, while in full possession of his faculties, about four weeks prior to his death and was thereafter continuously worn by her. It is for the jury to pass upon the credibility of this testimony. One witness testified:

"Q. You were in her home when she actually came in possession of the ring? A. Yes, sir.

"Q. What were the circumstances at that time? A. Sir? Well, he was sick.

"Q. Where were they at the time? A. He was in his bedroom.

"Q. Was he in bed? A. Yes, sir, he was in the bed at that time.

"Q. Did he take the ring off and hand it to her? A. Yes, sir.

"Q. He did? A. Yes, sir."

There are a number of strong circumstances tending to show that there was no gift of the ring. To illustrate, appellant's own husband listed it in the inventory as among the assets of the estate.. While a jury may be justified in finding that there was no gift of this article, our function is merely to determine whether there is any evidence from which a gift may be reasonably inferred.

It is not essential, as respondent's counsel seem to think, that a delivery of the property be simultaneous with the words of donation. If it succeeds the words, it makes perfect that which was before inchoate. 24 Am. Jur., Gifts, Section 25; 38 C. J. S., Gifts, § 27.

It is our conclusion that the Court below was correct in holding as a matter of law that the testimony was insufficient to show a gift *inter vivos* of the automobile, but there was error in so holding as to the ring.

The jury made no separate finding as to the value of the automobile or the damages sustained by respondent on account of its wrongful detention, which necessitates a new trial on those questions. On another trial there must also be submitted to the jury the question of the validity of the gift of the ring and if the gift is not sustained, the jury will determine its value and the damages, if any, sustained by respondent on account of its wrongful detention.

The judgment appealed from is modified and the case remanded for the purposes above enumerated.

BAKER, C. J., and STUKES and TAYLOR, JJ., and JAMES B. PRUITT, A. A. J., concur.