17376

Myrtis G. WATKINS, Respondent, v. Retha Ann HODGE, by G. A. L., Appellant

(101 S. E. (2d) 657)

*Messrs. Weinberg & Weinberg,* of Sumter, *for Appellant,*

*Messrs. George D. Levy* and *C. M. Edmunds,* of Sumter, *for Respondent,*

January 13, 1958.

STUKES, Chief Justice.

This is an action in claim and delivery for the possession of a Chevrolet Station Wagon automobile which was given away in a drawing at the Sumter County Fair on October 18, 1956. Numbered tickets were given by Sumter merchants to their customers for purchases and payments on account. Respondent had fifty-odd tickets and asked her seventeen-year-old neighbor, who is the appellant, to take the tickets to the fair on the night of the drawing because she, the respondent, might not be able to attend unless her hus-

band returned from work in time; they had small children. She gave the tickets to appellant with a list of the numbers and on the back of the list respondent wrote her name and address.

There was some conflict in the testimony as to the nature and details of the transaction between the parties. Respondent contended that she entrusted the tickets to appellant who would represent her at the drawing. In her answer, and to some degree in her testimony, appellant claimed an outright gift of the tickets to her by respondent. The gist of her testimony thereabout is reflected in the following extract from the cross examination of her:

"Q. Now I have heard what you said and I think I can repeat it ninety-five percent correctly. You said that inasmuch as Mrs. Watkins asked you were you going to the drawing, and inasmuch as she said she had not made arrangements to go, and inasmuch as she asked you would you take her tickets to the drawing and she would get them later at the Fair in case her husband came home and could go before the drawing, you assumed it was a gift, is that your testimony?

"A. Yes, sir. May I say something else?

"Q. Sure.

"A. As I said before, I accepted the tickets as a gift from the very beginning, but had Mrs. Watkins met me at the Fair I would have gladly returned the tickets to her and thought no more of it. She said if she found a way she would come to the Fair and reclaim the tickets, and I said that would be all right, I would return the tickets to her."

One of respondent's tickets bore the lucky number, and upon presenting it at the drawing appellant was given the automobile which she thereafter refused to deliver to respondent. The latter did not get to the drawing.

Before answering appellant demurred to the complaint upon the ground that it showed upon its face that the subject matter of the action is a lottery prize and the court will

not enforce an agreement relating to such. The demurrer was overruled by formal order from which there was no appeal.

The answer pleaded gift of the winning ticket, denied agency and any trust relationship between the parties; and further alleged that the drawing was a lottery, in violation of the Constitution, whereby the court is without jurisdiction of the action.

Upon the stated pleadings the case proceeded to trial. Respective motions of the parties for direction of the verdict were refused but only the issue of gift was submitted to the jury which returned verdict for the defendant-appellant. Thereupon plaintiff-respondent moved for judgment notwithstanding the verdict which was granted by the court upon the ground that the only reasonable inference from the evidence is that there was not a valid gift of the tickets; and judgment was rendered in favor of the plaintiff-respondent for the possession of the automobile or its value. This appeal by the defendant followed.

Appellant's first two questions relate to the contention that the drawing constituted an illegal lottery wherefore the court will not entertain the action, relying upon: Constitution of 1895, Art. 17, Sec. 7; Secs. 16-501, 2, Code of 1952; *Rountree v. Ingle,* 94 S. C. 231, 77 S. E. 931, 45 L. R. A. (N. S.), 776, Ann. Cas. 1915-A, 1002; *Griste v. Burch,* 112 S. C. 369, 99 S. E. 703; and *Darlington Theatres v. Coker,* 190 S. C. 282, 2 S. E. (2d) 782. But this contention was concluded adversely to appellant, insofar as this case is concerned, by the unappealed order overruling the demurrer which was upon that ground, and the order became the law of the case. *Prather v. Clover Spinning Mills,* 215 S. C. 103, 54 S. E. (2d) 529. It should be added that the basis of the decision of the lower court upon the point appears to be that respondent's action was founded upon a contract which was independent of the lottery. See the authorities cited in *Rountree v. Ingle, supra,*

and also *Leake v. Isaacs,* 262 Ky. 640, 90 S. W. (2d) 1001. The soundness of the decision is not before us, for lack of timely appeal, and we intimate no opinion thereabout.

The remaining question on appeal is concerned with the propriety of the conclusion of the court with respect to the evidence relating to whether or not there was a gift of the tickets. Upon consideration of the evidence, from which there is. above a brief excerpt from that of appellant, we are constrained to agree with the trial court that the only reasonable inference is that there was not a gift of the tickets. Appellant's testimony (which was corroborated by respondent) that it was agreed that the respondent might "reclaim" the tickets if she should be able to attend the drawing negatives a valid gift. In common parlance, to be legally binding a gift must have no strings attached, such as admittedly existed in this case. 24 Am. Jur. 738 *et seq.,* Gifts, Sec. 21 *et seq.* The following quotations are from 38 C. J. S. Gifts §§ 19, 20, pp. 798, 799: "In any event, a delivery to be sufficient to support a gift must be absolute and unqualified; it must transfer possession to the donee, and vest in him a present and irrevocable title; it must vest the donee with, and divest the donor of, control and dominion over the property." * * * "In order to constitute an effectual delivery the donor must not only have parted with the possession of the property, but he must also have relinquished to the donee all present and future dominion and control over it, beyond any power on his part to recall." *Lynch v. Lynch,* 201 S. C. 130, 21 S. E. (2d) 569 and *Smith v. Johnson,* 223 S. C. 64, 74 S. E. (2d) 419, are of like import.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.