## 19742

COOPER TIRE AND RUBBER COMPANY, Respondent, v. Ed PERRY, d/b/a Ed Perry Auto Parts, Appellant. The MOHAWK RUBBER COMPANY, Respondent, v. Ed PERRY, d/b/a Ed Perry Auto Parts, Appellant.

(201 S. E. (2d) 245)

*Messrs. John Bolt Culbertson, John B. Duggan* and *Ray D. Lathan,* of Greenville, *for Appellant,* cite:

*Messrs. H. Carlisle Bean,* of Spartanburg, *Clarke W. McCants, Jr.,* of *Clarkson, McCants & Green,* Columbia, and *Wesley M. Walker and James H. Watson,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,* cite:

December 12, 1973.

Moss, Chief Justice:

Cooper Tire and Rubber Company, one of the respondents, instituted its action on January 7, 1972, against Ed Perry, doing business as Ed Perry Auto Parts, appellant herein, seeking to recover the sum of $173,894.52 on an open account. The respondent alleged that on the dates set forth on an itemized sworn statement of account annexed to the complaint that it sold and delivered to the appellant certain goods, wares, and merchandise and that the sum hereinbefore stated is now due and owing and has not been paid.

The Mohawk Rubber Company, the other respondent herein, instituted its action on January 27, 1972, against Ed Perry, doing business as Ed Perry Auto Parts, the appellant herein, seeking to recover the sum of $22,444.65 on an open account. This respondent alleged that on the dates set forth on an itemized sworn statement of account annexed to the complaint that it sold and delivered to the appellant certain goods, wares and merchandise and that the sum hereinbefore stated is now due and owing and has not been paid.

The appellant answered the Cooper complaint admitting, in effect, the allegations thereof, and asserted a counterclaim. It was alleged that Cooper unlawfully obtained an order in the Court of Common Pleas for Spartanburg County placing the appellant in receivership and completely ousting the appellant from his business and suspending all of his operations. Thereafter, Cooper, along with Mohawk and Robertshaw Controls Company, filed an involuntary proceeding in the United States District Court for South Carolina charging the appellant with several acts of bankruptcy and insolvency; and such order was subsequently vacated and the bankruptcy petition dismissed, from which no appeals were prosecuted. It was further alleged that the aforesaid acts of Cooper were willful and wanton and resulted in financial loss and impairment of the appellant's credit, for which damages are sought.

The appellant answered the Mohawk complaint admitting, in effect, the allegations thereof, and also asserted a counterclaim. It was alleged that Mohawk, along with Cooper and Robertshaw Controls Company, filed an involuntary proceeding in the United States District Court for South Carolina charging the appellant with several acts of bankruptcy and insolvency, which petition was dismissed and no appeal therefrom prosecuted. The appellant further alleged that the action of Mohawk in joining in the filing of the bankruptcy petition was maliciously and recklessly done without probable cause resulting in financial loss and impairment of the appellant's credit, for which damages are sought.

Cooper demurred to the counterclaim upon the ground that it did not state facts sufficient to constitute a cause of action. Mohawk demurred upon the ground that the subject of the counterclaim was an alleged tort or torts which did not arise out of the contract or transactions set forth in the complaint nor was it connected with the subject of the action.

The demurrers interposed by the respondents to the counterclaims asserted by the appellant came on to be heard

before The Honorable George T. Gregory, Presiding Judge, who sustained the demurrers but granted the appellant leave to file an amended answer and counterclaim. In the *Cooper* case Judge Gregory sustained the demurrer and dismissed the counterclaim because it failed to state facts sufficient to constitute a cause of action. In the *Mohawk* case the demurrer was sustained on the ground that the counterclaim was not one properly assertable under Section 10-703(1) of the Code.

In due time, the appellant served his amended answer and counterclaims, to which the respondents again demurred. These demurrers were heard by The Honorable John Grimball, the then Presiding Judge, who sustained the demurrers upon the grounds that the counterclaims were based upon torts and could not be asserted under Section 10-703(1) of the Code. He further held that the previous orders of Judge Gregory sustaining the demurrers to the counterclaims, which had not been appealed, were the law of the case.

Judge Grimball recites in his orders sustaining the demurrers of the respondents that he has carefully reviewed all of the pleadings in the cases and the orders of Judge Gregory. Judge Grimball found that in spite of the revision and rewording of the initial answers and counterclaims, that the amended answers and counterclaims asserted, in essence, the same alleged tort or torts as were asserted in the original answers and counterclaims.

■ A careful review of the pleadings leads us to the same conclusion reached by Judge Grimball. We think that the orders of Judge Grimball are correct in holding that Judge Gregory's orders, from which no appeals were prosecuted, became the law of these cases.

■ The appellant has not preserved by proper exception the question of whether or not Judge Grimball was correct in concluding that the counterclaim asserted in the amended pleadings alleged, in essence, the same tort or torts that were previously asserted in the original coun-

terclaims. In the absence of such proper exception, we cannot consider the question.

We held in *Prather v. Clover Spinning Mills*, 215 S. C. 103, 54 S. E. (2d) 529, that where ruling on demurrer to complaint was not appealed from, it became the law of the case. We think Judge Grimball properly applied this rule, and this requires an affirmance of his orders sustaining the demurrers interposed by the respondents.

The exceptions are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.