0516

WESTMINSTER COMPANY, INC., Respondent, v. Henry C. WINGO, Derry P. Wingo and Milton Lombard, Appellants.

(332 S. E. (2d) 570)

Court of Appeals

*Barnwell, Whaley, Stevenson & Patterson*, Charleston, *for appellants.*

*Joye, Kefalos, Waggoner & Barrow*, North Charleston, *for respondent.*

Heard April 17, 1985.

Decided June 28, 1985.

SANDERS, Chief Judge:

Appellants Henry C. Wingo and Derry P. Wingo entered into an option agreement with respondent Westminster Company, Inc. By the terms of the agreement, the Wingos granted Westminster the right to buy a certain tract of land for a specified purchase price and Westminster paid certain funds into escrow. Appellant Milton Lombard acted as an escrow agent to hold the funds as also provided by the agreement. Westminster sued the Wingos and Lombard for the return of these funds and accrued interest, alleging that certain conditions of the agreement had not been satisfied. In addition, Westminster sued for reimbursement of attorneys' fees and costs pursuant to the agreement. The trial judge granted summary judgment for Westminster in the amount of the escrowed funds plus accrued interest, attorneys' fees and costs. The Wingos and Lombard appeal. We reverse and remand.

While the facts in this case are somewhat complicated, the result which we reach is controlled by two elementary principles of law. Summary judgment can be ordered only if there is no issue as to any material fact and further inquiry into the facts is not desirable. *Coleman v. Shaw*, 281 S. C. 107, 314 S. E. (2d) 154 (Ct. App. 1984). When there is a question as to the intent of the parties, the interpretation of the contract is an issue of fact for the jury. *Black v. Freeman*, 274 S. C. 272, 262 S. E. (2d) 879 (1980).

The critical portions of the agreement entered into by the parties are paragraphs 8(g) and 8(h). So that the language of these two paragraphs can be scrutinized carefully, we restate them here, numbering their sentences:

Paragraph 8(g)

1. Optionor and Optionee understand and agree that the availability of municipal water and municipal sewer service (both in terms of providing service to the site and capacity to serve the maximum number of building units permitted by zoning) are paramount conditions of this agreement.
2. Optionee intends to use the Option period to obtain written assurances that this condition can be met.
3. Optionor will assist in this effort as requested by Optionee.
4. In addition, Optionor agrees to assign whatever rights it has or may acquire to existing or future sewer capacity being planned by the Town of Mt. Pleasant Water Works and Sewer Authority.
5. The non-availability of either or both of these utilities will void this Agreement and cause all escrowed funds to be returned to Optionee.

Paragraph 8(h)

1. Similarly, Optionor and Optionee understand and agree that the ability to access the site by building a road from U. S. Highway 17 Bypass into the site is a paramount condition of this agreement.
2. Optionee intends to use the Option period to obtain written assurances from the South Carolina Department of Highways and Public Transportation that this condition can be met.
3. Optionor will assist in this effort as requested by Optionee.
4. The non-availability of this permission to access the U. S. Highway 17 Bypass at the point where the site is contiguous to said Bypass will void this agreement and cause all escrowed funds to be returned to Optionee.

It appears from the record that there is an issue of fact as to whether the utilities referred to in paragraph 8(g) of the

option agreement are available. It also appears from the record that there is an issue of fact as to whether the availability of the permission to access the highway referred to in paragraph 8(h) was waived.[1] At the very least, it appears that further inquiry into the facts on these issues is desirable.

At the same time, it does not appear that there is any issue of fact regarding whether Westminster received the written assurances referred to in the second sentences of both paragraphs because the record is clear that these written assurances were not received. Therefore, the determinative question which must be addressed is the question of whether the option agreement clearly and unambiguously states the intent of the parties as to what conditions must be satisfied for the Wingos to retain the escrowed funds. If the option agreement clearly and unambiguously provides that the parties intended that the Wingos right to retain these funds is conditioned upon Westminster's receiving the written assurances referred to in the agreement during the option period, then summary judgment was properly ordered since there is no question that these written assurances have not been received. However, if the intent of the parties is not clearly and unambiguously expressed in the option agreement so that it could be construed to provide that the Wingos' right to retain the escrowed funds is conditioned upon both the availability of the utilities and the availability of the permission to access the highway, then summary judgment must be reversed since there are issues

---

[1] Although the record is clear that permission is not available to access the highway at a point where the site is contiguous to it as specified by the last sentence of paragraph 8(h), it appears that there is an issue of fact as to whether non-contiguous access is available and whether the condition of the availability of permission for contiguous access was waived. *See Brown v. State Farm Mut. Ins. Liab. Co.,* 233 S. C. 376, 104 S. E. (2d) 673 (1958) (conditions precedent in a contract can be waived); *Campbell v. Calvert Fire Ins. Co.,* 234 S. C. 583, 109 S. E. (2d) 572 (1959) (where there is evidence of a waiver, the question of whether a condition of a contract was waived is an issue of fact); 17 Am. Jur. (2d) *Contracts* § 390 (1964) ("Strict and full performance of a contract by one party may be waived by the other party. . . ."); 28 Am. Jur. (2d) *Estoppel and Waiver* § 174 (1966) ("Ordinarily, the question of waiver is one of fact for a jury. That is to say, where the evidence concerning waiver, or an element or requisite thereof, is conflicting or disputed, or where more than one reasonable inference may be drawn from the evidence, the question of waiver is one of fact for the trier of facts.").

of fact on the questions of whether the utilities are available and whether the availability of the permission to access the highway has been waived; or at least further inquiry into the facts on these issues is desirable.

The first sentences of paragraphs 8(g) and 8(h) provide that the availability of sewage and water and the ability to access the site by building a road from U. S. Highway 17 Bypass are paramount conditions of the contract. The second sentences of both paragraphs provide that Westminster intends to use the option period to obtain written assurances that these conditions can be met. (The third and fourth sentence of paragraph 8(g) and the third sentence of paragraph 8(h) are of no consequence.) The last sentence of both paragraphs provide that the non-availability of the utilities or the non-availability of permission to access the highway at a point where the site is contiguous to it will void the option agreement and cause the return of the escrowed funds to Westminster.

Westminster argues that the escrowed funds must be returned because the written assurances referred to in the second sentence of both paragraphs were not obtained during the option period. In other words, Westminster argues that the Wingos' right to retain the escrowed funds was conditioned upon these written assurances being obtained during the option period and, since they were not, the funds must be returned. The Wingos argue that there is an issue of fact as to whether the parties intended their right to retain the escrowed funds was conditioned, not upon the written assurances being obtained during the option period, but rather upon the availability of the utilities and the availability of the permission to access the highway.

Both arguments are persuasive. On the one hand, the second sentences of both paragraphs could be construed to express the intention of the parties that the Wingos' right to retain the escrowed funds was conditioned upon Westminster's receiving the written assurances during the option period. On the other hand, these sentences on their face do no more than express the intention of Westminster to use the option period to obtain the written assurances. Furthermore, the first sentences of both paragraphs expressly say the conditions of the contract are the availability of the

utilities and the ability to access the highway, and the last sentences of both paragraphs expressly say non-availability of the utilities and non-availability of the permission to access the highway are what cause the return of the escrowed funds.

For this reason, we hold that the terms of the agreement are not clear and unambiguous as held by the trial judge, and there are issues of fact as to what the parties intended as the conditions which must be satisfied for the Wingos to have the right to retain the escrowed funds; or at least further inquiry into the facts on these issues is desirable.

Because we conclude that the portion of the order granting summary judgment in the amount of the escrowed funds and accrued interest must be reversed, the remainder of the order requiring the payment of attorneys' fees and costs is vacated.[2]

Accordingly, the appealed order is

Reversed and remanded.

SHAW and BELL, JJ., concur.

_____

[2] We do not reach the question of whether Westminster would be entitled to attorneys' fees and costs under the terms of the agreement should it ultimately prevail on its suit for the return of the escrowed funds.