0666-

FOOTHILLS MALL, a South Carolina General Partnership, composed of William J. Oates and John E. Walton, also known as Oates and Walton Partnership, Respondent v. Leonard F. FARRELL, Jr., Appellant.

(342 S. E. (2d) 624)

Court of Appeals

*Adam Fisher, Jr.*, Greenville, *for appellant.*

*Demetrie J. Liatos*, Greenville, *for respondent.*

Heard Feb. 19, 1986.

Decided March 31, 1986.

SANDERS, Chief Judge:

Respondents William J. Oates and John E. Walton brought an action for declaratory judgment against appellant Leonard F. Farrell, Jr. seeking an order of the Circuit Court that Farrell had breached a lease entered into with their assignor. Farrell demurred to the complaint on the ground that it did not state a cause of action. The

Honorable Frank Eppes issued his order for the Circuit Court overruling the demurrer. Both parties then moved for summary judgment on the ground that there was no genuine issue of any material fact. The Honorable C. Victor Pyle issued his order for the Circuit Court granting the motion of Oates and Walton. Farrell appeals both orders. We affirm the order overruling the demurrer, reverse the order granting the motion for summary judgment and remand.

The following material facts are undisputed:

Farrell entered into a lease with a partnership named Carozell. By the terms of the lease, Carozell as the landlord leased a store building to Farrell as the tenant. Thereafter, the lease was assigned by Carozell to Oates and Walton. The lease contains the following provision:

> Landlord has the right to terminate this lease at its option at the end of the first year of this lease, with sixty (60) days written notice, if Tenant fails to achieve gross sales of $156,000 or better or cannot reasonably demonstrate an ability to do so within the next twelve (12) month period. Reasonable demonstration shall mean that gross sales shall average at least $13,000 per month for the last four (4) months of the first year of his lease.

Farrell achieved $156,000 in gross sales during the first twelve months of the lease but failed to achieve gross sales averaging $13,000 per month during the last four months of the first year.

Oates and Walton argue the lease unambiguously provides that they have the right to terminate the lease if Farrell either fails to achieve gross sales of $156,000 for the first twelve months of the lease or fails to achieve gross sales averaging $13,000 per month for the last four months of the first year. They therefore argue that they can terminate the lease even though Farrell did have $156,000 in gross sales during the first twelve months of the lease since he did not have gross sales averaging $13,000 per month for the last four months of the first year.

Farrell, on the other hand, argues the lease should be construed to provide that Oates and Walton have the right to terminate the lease unless he either achieves gross sales

of $156,000 during the first twelve months of the lease or achieves gross sales averaging $13,000 per month for the last four months of the first year. He therefore argues that they cannot terminate the lease even though he had gross sales averaging less than $13,000 per month for the last four months of the first year of the lease since he did have gross sales of $156,000 during the first twelve months.

In his order overruling the demurrer of Farrell, Judge Eppes construed the lease as argued by Oates and Walton. Farrell did not immediately appeal.[1] In his order granting the motion of Oates and Walton for summary judgment, Judge Pyle quite understandably held he was bound to construe the lease in the same way inasmuch as the order of Judge Eppes had not been appealed as of that time.

In our opinion, the language in question can be read both in the way argued by Oates and Walton and in the way argued by Farrell. In other words, we find both arguments persuasive. Therefore, we find the lease is ambiguous as to the intent of the parties.

"Where there is a question as to the intent of the parties, the interpretation of the contract is an issue of fact." *Westminster Co. v. Wingo*, 286 S. C. 244, 332 S. E. (2d) 570, 571 (Ct. App. 1985).

"It is well settled that where the complaint seeking a Declaratory Judgment sets forth a justiciable controversy it is not subject to demurrer on the ground that it fails to state

---

[1] We reject the argument of Oates and Walton that the construction of the lease by Judge Eppes in his intermediate order overruling the demurrer of Farrell is the law of the case because this order was not appealed until after final order by Judge Pyle granting their motion for summary judgment. It is well settled that an order overruling a demurrer can be appealed after final judgment. *See e.g., Crotts v. Fletcher Motor Co.*, 219 S. C. 204, 214, 64 S. E. (2d) 540, 544 (1951) ("[A]n interlocutory appeal may be taken to this Court from an order overruling a demurrer, but the failure to make or perfect such an appeal does not affect the right of this Court to review the matter in connection with an appeal from the final judgment."). "Upon an appeal from a judgment the court may review any intermediate order involving the merits and necessarily affecting the judgment." Section 18-1-130, Code of Laws of South Carolina, 1976. In support of their argument, Oates and Walton cite *Watkins v. Hodge*, 232 S. C. 245, 101 S. E. (2d) 657 (1958) and *Schreiberg v. Southern Coatings and Chemical Co.*, 231 S. C. 69, 97 S. E. (2d) 214 (1957). *Watkins* and *Schreiberg* are distinguishable from the instant case in that no appeal was ever taken from the orders overruling the demurrers in those cases.

a cause of action." *Hardwick v. Liberty Mutual Insurance Co.*, 243 S. C. 162, 167, 133 S. E. (2d) 71, 72 (1963). "The test of sufficiency is not whether the complaint shows that the plaintiff is entitled to a declaration of rights according to his theory, but whether he is entitled to a declaration of rights at all." *Dismukes v. Carletta*, 269 S. C. 110, 112, 236 S. E. (2d) 421, 422 (1977).

"Summary judgment can be ordered only if there is no issue as to any material fact and further inquiry into the facts is not desirable." *Westminster Co. v. Wingo*, 286 S. C. at 245, 332 S. E. (2d) at 571.

For these reasons, the order of the Circuit Court overruling the demurrer is affirmed, the order of the Circuit Court granting the motion for summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.[2]

Affirmed in part, reversed in part and remanded.

GARDNER and BELL, JJ., concur.

---

[2] Of course, in affirming the order overruling the demurrer, we affirm the result reached by the Circuit Court, not the reasoning of the court in reaching that result. *See Bartles v. Livingston*, 282 S. C. 448, 319 S. E. (2d) 707 (Ct. App. 1984) (this court is not limited to the reasoning of the trial court in addressing issues raised on appeal).