674 S.E.2d 151

**Ronnie JUDY, Appellant,**

v.

**Phillip MARTIN and Dorchester County Sheriff Ray Nash, Defendants,**

**of whom Phillip Martin is the Respondent.**

No. 26604.

Supreme Court of South Carolina.

Submitted Oct. 22, 2008.

Decided Feb. 23, 2009.

456

Glenn Walters Sr. and R. Bentz Kirby, both of Orangeburg, for Appellant.

Phillip Martin, of Marion, pro se Respondent.

Chief Justice TOAL.

In this case, Appellant Ronnie Judy filed a declaratory judgment action seeking to declare an underlying magistrate's judgment *void ab initio* for lack of subject matter jurisdiction. The master-inequity found in favor of Respondent Phillip Martin. On appeal, Appellant claims that the magistrate lacked jurisdiction to render the underlying judgment, and that the master erred by assuming facts not in evidence, finding that Appellant was required to request removal to the court of common pleas, and finding that Respondent would suffer prejudice if the magistrate's judgment was vacated.

### FACTUAL/PROCEDURAL BACKGROUND

On May 8, 2000, Respondent filed suit in magistrate's court against Appellant, seeking $2,500 in damages. Appellant filed

an Answer and Counterclaim in the amount of $6,500. At the time, the jurisdictional limit in magistrate's court was $5,000.[1] The magistrate issued a trial notice for September 28, 2000. Appellant claims he spoke with the magistrate on September 25, 2000, and that the magistrate told him the case was out of his jurisdiction and would be transferred to the circuit court. Appellant failed to appear at trial and the case was tried in his absence. The magistrate rendered a verdict for Respondent in the amount of $2,555. Appellant appealed to the circuit court on November 6, 2000. The magistrate's return acknowledged the conversation with Appellant, but indicates that the magistrate told Appellant only that a claim for over $5,000 would be out of his jurisdiction but said nothing about transferring the case to circuit court. The circuit court affirmed the magistrate's judgment. Appellant did not seek reconsideration from the circuit court or file an appeal.

Shortly after the final judgment, the sheriff issued an execution, which was returned *nulla bona.* In 2004, the probate court issued an order placing certain real property in Appellant's name, and Respondent had a Notice of Levy issued on the property. Appellant thereby filed this action for declaratory judgment with the master, who determined that Appellant was not entitled to relief on the grounds that Appellant: (1) failed to seek removal of the case from magistrate's court; (2) failed to appear in court to press his case for removal; (3) relied upon a verbal ex parte request by telephone for confirmation that the case would be transferred to circuit court; (4) failed to file a motion for reconsideration of the circuit court's decision to uphold the magistrate's judgment; (5) failed to appeal to the court of appeals; and (6) abandoned his defense of lack of subject matter jurisdiction until nearly four years later. Appellant appealed the master's order, and this Court certified the case pursuant to Rule 204(b), SCACR. Appellant presents the following issues for review:

    I.   Did the trial court err in failing to address the issue of subject matter jurisdiction and whether the judgment was void ab initio?

---

1. The current jurisdictional limit of $7,500 took effect on January 1, 2001. S.C.Code Ann. § 22–3–10 (2008).

II. Did the trial court err by assuming facts not in evidence and upholding the magistrate's order based upon what he assumed the trial judge would have ruled?

III. Did the trial court err by ruling that Appellant had to take an affirmative act to attempt to remove his case to Circuit Court?

IV. Did the trial court commit error by ruling the Respondent would face prejudice relating to having to make complicated legal arguments, and ignoring the proper relief and the relief sought by the Appellant?

## STANDARD OF REVIEW

Declaratory judgment actions are neither legal nor equitable and, therefore, the standard of review depends on the nature of the underlying issues. *Doe v. South Carolina Medical Malpractice Liability Joint Underwriting*, 347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001). An action for declaratory judgment that a magistrate's judgment is void for lack of subject matter jurisdiction is an action at law. Therefore, the master's findings of fact will not be disturbed on appeal unless found to be without evidence which reasonably supports them. *Harkins v. Greenville County*, 340 S.C. 606, 621, 533 S.E.2d 886, 893 (2000).

## LAW/ANALYSIS

In the first question presented for our review, Appellant alleges that the master-in-equity erred in refusing to declare the magistrate's judgment void ab initio for lack of subject matter jurisdiction. We disagree, and hold that Appellant may not seek relief from the prior unappealed order of the circuit court because the order has become the law of the case.

Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court. C.J.S. *Appeal & Error* § 991 (2008); *see also Bakala v. Bakala*, 352 S.C. 612, 576 S.E.2d 156 (2003) (holding that a family court judge could not overrule the prior unappealed order of another

family court judge because it had become law of the case); *In re Morrison*, 321 S.C. 370 n. 2, 468 S.E.2d 651 n. 2 (1996) (noting that an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal); *Cooper Tire & Rubber Co. v. Perry et al*, 261 S.C. 538, 201 S.E.2d 245 (1973) (holding that where a ruling on a demurrer to complaint is not appealed from, it becomes the law of the case); *Watkins v. Hodge*, 232 S.C. 245, ——, 101 S.E.2d 657, 658 (1958) (refusing to consider jurisdictional matter of underlying case where issue had been ruled upon and not challenged on appeal).

In this declaratory judgment action, Appellant seeks to reopen the question of whether the magistrate had subject matter jurisdiction to hear the merits of the underlying dispute. However, Appellant raised this issue and argued it before the circuit court on appeal from the magistrate's judgment. The circuit court denied Appellant's appeal and affirmed the magistrate's judgment. Appellant did not file a motion for reconsideration, an appeal with the court of appeals, or a motion to set aside the judgment. The circuit court's unchallenged disposition on the magistrate's subject matter jurisdiction therefore became the law of the case, and this Court declines to reopen that issue in this subsequent action.[2]

### CONCLUSION

For the reasons stated herein, we affirm the ruling of the master-in-equity.

WALLER, BEATTY and KITTREDGE, JJ., concur.

PLEICONES, J. concurring in result only.

---

2. The remaining three questions presented for our review each involve the master's findings with regard to the magistrate's jurisdiction, and are similarly foreclosed by the law-of-the-case doctrine.