709 S.E.2d 705

**C–SCULPTURES, LLC, # 3 Appellants,**

v.

**Gregory A. BROWN and Kerry W. Brown, Respondents.**

No. 4827.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2010.

Decided April 27, 2011.

28

D. Ryan McCabe, of Columbia, for Appellant.

John S. Nichols and William D. Robertson, III, both of Columbia, for Respondent.

KONDUROS, J.

C–Sculptures argues the master-in-equity erred in finding the foreclosure of its mechanic's lien against the home of Gregory and Kerry Brown (the Browns) was stayed pending their appeal of the arbitration award in the underlying lawsuit between the parties. We affirm.[1]

## FACTS

C–Sculptures served as general contractor on the construction of a home for the Browns. A dispute arose regarding payment, and C–Sculptures filed a mechanic's lien against the property. C–Sculptures filed suit to foreclose the lien on January 20, 2006. The matter was referred to the arbitrator pursuant to the construction contract, and the parties agreed to stay the foreclosure proceeding pending arbitration. The arbitrator rendered his decision, and the Browns filed a motion to vacate the award. The circuit court confirmed the arbitration award, and the Browns filed a motion to alter or amend the circuit court's order, which was denied. The Browns filed a notice of appeal on February 8, 2008.

On March 1, 2008, the master issued a Summons and Order of Appointment setting a date for the foreclosure matter. The Browns filed a Motion to Halt Proceedings, and after several hearings, the master held the foreclosure action was automati-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

cally stayed by the South Carolina Appellate Court Rules. C–Sculptures appeals the master's order.

## LAW/ANALYSIS

### I. Rule 241, SCACR, and Rule 60(b), SCRCP

C–Sculptures contends the denial of a motion to vacate an arbitration award should be treated the same as the denial of a motion for relief from judgment under Rule 60(b), SCRCP. We disagree.

Rule 241(a), SCACR, sets forth the general rule regarding stays after a following a notice of appeal.

> **General Rule.** As a general rule, the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order, judgment, decree or decision on appeal, and to automatically stay the relief ordered in the appealed order, judgment, or decree or decision. This automatic stay continues in effect for the duration of the appeal unless lifted by order of the lower court, the administrative tribunal, appellate court, or judge or justice of the appellate court. The lower court or administrative tribunal retains jurisdiction over matters not affected by the appeal including the authority to enforce any matters not stayed by the appeal.

Rule 60(b), SCRCP, deals with relief from a judgment and states:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. *A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.* This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. During the pendency of an appeal, leave to make the motion must be obtained from the appellate court.

(emphasis added).

C–Sculptures argues the denial of the Browns' motion to vacate should be treated like the denial of a Rule 60(b) motion. However, C–Sculptures cites no authority for this proposition, and we are unpersuaded by its general argument. The South Carolina Supreme Court has ruled the execution of a judgment is not generally stayed by the denial of a Rule 60(b) motion because the denial of such a motion grants "no relief" to the movant so that there is nothing to stay. *Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP,* 375 S.C. 423, 426, 653 S.E.2d 274, 276 (2007). However, Rule 60(b) motions are made by parties seeking *relief* from a judgment for some reason other than the merits of the case. Here, the Browns raise none of the reasons listed in Rule 60(b) for setting aside the arbitrator's ruling. They simply disagree with his decision. As such, the denial of their motion to vacate is more akin to a traditional appeal on the merits. Therefore, we find no error in the master's ruling that the foreclosure action was stayed during the pendency of the Browns' appeal to this court.

## II. Payment of Money/Sale or Delivery of Real Property

■ C–Sculptures maintains the master erred in finding the circuit court's order confirming the arbitration award did not direct the delivery of land or payment of money thereby necessitating the payment of a bond by the Browns to stay the execution. We disagree.

Section 18–9–130(A)(1) of the South Carolina Code (Supp. 2010) provides "[a] notice of appeal from a judgment directing the payment of money does not stay the execution of the judgment unless the presiding judge before whom the judgment was obtained grants a stay of execution." In this case, the master's order stated "[c]ounsel for C–Sculptures acknowledged during argument that the trial court's order is not one directing the payment of money." Because C–Sculptures did not file a motion to alter or amend that finding within the order, it is the law of the case. *See Judy v. Martin,* 381 S.C. 455, 459, 674 S.E.2d 151, 153 (2009) ("[A]n unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal.").

■ Section 18–9–170 of the South Carolina Code (1985) indicates if the judgment appealed from directs the sale or delivery of possession of real property, the execution of the judgment shall not be stayed unless the party against whom judgment is entered obtains a bond with two sureties guaranteeing the property will not be wasted during the pendency of the appeal. The master found the circuit court's confirmation order did not "direct the sale or delivery of real property" because it did not order the sale of the property but rather referred the case to the master for foreclosure proceedings. We agree with the master that the foreclosure proceedings would "contemplate an order for the sale of the Browns' real property and setting the terms and conditions of that sale." The foreclosure decree would be the type of order covered by section 18–9–170, not the circuit court's order confirming the arbitration award. *See Gerald v. Gerald,* 31 S.C. 171, 182, 9 S.E. 792, 796 (1889) ("This language [found in the predecessor to section 18–9–170] shows that the intention was to embrace appeals from *judgments of foreclosure,* for that is a judgment directing the sale of real property. . . .") (emphasis added).

## CONCLUSION

Because the foreclosure proceedings were stayed pursuant to Rule 241, SCACR, and because the circuit court's order confirming the arbitration award did not direct the payment of

money or the sale or delivery of real property, the order of the master is

**AFFIRMED.**

HUFF and LOCKEMY, JJ., concur.