**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William G. Tucker, Respondent,

v.

Connie Lynn Batey, Appellant.

Appellate Case No. 2016-000451

Appeal From York County
S. Jackson Kimball, III, Master-in-Equity

Unpublished Opinion No. 2018-UP-419
Submitted September 1, 2018 – Filed November 7, 2018

**AFFIRMED**

John Martin Foster, of Rock Hill, for Appellant.

Brian Scott McCoy, of McCoy Law Firm, LLC, of Rock Hill, for Respondent.

**PER CURIAM:** Connie Lynn Batey appeals the Master-in-Equity's order foreclosing on her house and declaring the mortgage on the house not satisfied. She argues the noteholder, William G. Tucker, provided her a statement of mortgage satisfaction, relieving her of the mortgage obligation, and (1) equity does not support the Master's finding that Tucker's statement was invalid, (2) the Master

should have determined the statement was valid as a gift, and (3) the Master erred in finding the statement was never finally delivered. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue one: *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009) ("On appeal from an equitable action, an appellate court may find facts in accordance with its own view of the evidence."); S.C. Code Ann. § 29-3-330(B) (Supp. 2017) (providing the five methods to satisfy or release a mortgage); *Smith v. Barr*, 375 S.C. 157, 164, 650 S.E.2d 486, 490 (Ct. App. 2007) ("It is well known that equity follows the law."); *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989) ("[T]he court's equitable powers must yield in the face of an unambiguously worded statute.").

As to issues two and three: *Watkins v. Hodge*, 232 S.C. 245, 249, 101 S.E.2d 657, 658 (1958) ("In common parlance, to be legally binding a gift must have no strings attached . . . ."); *Lynch v. Lynch*, 201 S.C. 130, 137, 21 S.E.2d 569, 572 (1942) ("[A] gift to be operative must be executed and must take effect immediately and irrevocably, for the obvious reason that if anything remains to be done the title to the property does not pass . . . . Thus, mere intention to give without delivery is unavailing; the intention must be executed by a complete and unconditional delivery." (internal quotation marks omitted)); S.C. Code Ann. § 29-3-310 (2007) ("Any holder of record of a mortgage who has received full payment or satisfaction or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall . . . enter satisfaction in the proper office of the mortgage which shall forever thereafter discharge and satisfy the mortgage.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.