**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephen Dudek and Doreen Cross, Respondents,

v.

Thomas M. Ferro and Lorraine B. Ferro, Respondents,

And

Molly M. Morphew, Appellant,

v.

Stephen Dudek, Doreen Cross, Thomas Ferro and Lorraine Ferro, Respondents.

Appellate Case No. 2017-001393

Appeal From Dorchester County
James E. Chellis, Master-in-Equity

Unpublished Opinion No. 2020-UP-151
Submitted May 1, 2020 – Filed May 20, 2020

**AFFIRMED**

Molly M. Morphew, of Summerville, pro se.

Steven L. Smith and Samuel Melvil Wheeler, both of Smith Closser, of Charleston, for Respondents Stephen Dudek and Doreen Cross.

Thomas Ferro and Lorraine Ferro, both of Denver, CO, pro se.

––––––––––––

**PER CURIAM:**  Molly M. Morphew appeals two orders from a master-in-equity. These orders stem from two competing contracts to purchase a parcel of property from Thomas and Lorraine Ferro (the Sellers)—one contract between Stephen Dudek and Doreen Cross (the Buyers) and the Sellers, and one contract between Morphew and the Sellers.  Both the Buyers and Morphew moved for specific performance of their respective contracts, and in November 2014, the master granted the Buyers' motion for specific performance.  Morphew and the Sellers appealed the November 2014 order to this court, and this court affirmed in an unpublished opinion. *See Dudek v. Ferro*, Op. No. 2017-UP-019 (S.C. Ct. App. filed Jan. 11, 2017).  After that case was remitted to the master, the master filed an order setting a closing schedule on April 3, 2017; on May 17, 2017, the master filed an amended order.  Although these orders largely addressed issues between the Buyers and the Sellers, they also pertained to Morphew, who was living on the property.  After the Buyers and the Sellers closed on the property, the master, in an order filed in June 2017, found Morphew in contempt of court for failing to vacate the property.  In this appeal, Morphew appeals the order setting a closing schedule and the order of contempt.  She argues the master erred by (1) "demanding a closing and/or scheduling closing terms, . . . especially without first considering fraud on [the] court;" (2) "ignoring, or deeming 'moot' or 'irrelevant[,'] evidence and testimony that [the Buyers] may have unlawfully procured a judgement for [s]pecific [p]erformance by fraud;" (3) "not allowing or demanding [the Buyers] to provide [Morphew] documented proof of compliance and/or the ability to perform per their [s]pecific [p]erformance complaint, and especially with knowledge Morphew has a pending complaint against [the Buyers] for allegedly procuring their [s]pecific [p]erformance judgment by fraud and fraud on [the] court;" (4) "demanding [Morphew] vacate the property at issue, and be held in [c]ontempt, without first considering [the Buyers'] alleged fraud on [the] court;" (5) "ordering, sua sponte, [a r]ule to [s]how [c]ause (Contempt), and/or issuing an [o]rder for [c]ontempt."  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues one, two, and three, Morphew is precluded from relitigating any matters relating to the master's November 2014 order granting the Buyers' motion for specific performance, which this court affirmed on appeal, under the law of the case doctrine.[1]  *See Flexon v. PHC-Jasper, Inc.*, 413 S.C. 561, 571, 776 S.E.2d 397, 403 (Ct. App. 2015) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court." (quoting *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009))); *id.* at 572, 776 S.E.2d at 403 ("The law of the case applies both to those issues explicitly decided and to those issues [that] were necessarily decided in the former [appeal]." (quoting *Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 62, 492 S.E.2d 62, 68 (1997))).

2.  As to issues four and five, the master did not err by finding Morphew in contempt of court.[2]  *See Lollis v. Dutton*, 421 S.C. 467, 477-78, 807 S.E.2d 723, 728 (Ct. App. 2017) ("On appeal from an action in equity, [the appellate court] may find facts in accordance with its view of the preponderance of the evidence." (quoting *Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015)));

---

[1] To the extent Morphew argues the master erred by not ordering the Buyers to provide her with proof of their financing to purchase the property, Morphew failed to point to any legal basis entitling her to proof of the Buyers' financing.

[2] The master had subject matter jurisdiction over this case based on the consent order for reference.  *See Bardoon Properties, NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong."); Rule 53, SCRCP ("In an action where the parties consent, . . . some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge or the clerk of court.").  Further, Morphew waived any defense of lack of personal jurisdiction by not raising the issue to the master when he sua sponte raised the issue of contempt at the June 12, 2017 hearing.  *Ex parte Cannon*, 385 S.C. 643, 658, 685 S.E.2d 814, 822 (Ct. App. 2009) ("A defendant may waive any complaints he may have regarding personal jurisdiction by failing to object to the lack of personal jurisdiction and by appearing to defend his case."  (quoting *State v. Dudley*, 354 S.C. 514, 542, 581 S.E.2d 171, 186 (Ct. App. 2003))); *id.* ("This failure to object resulting in waiver of personal jurisdiction applies equally in constructive contempt cases."); *id.* at 659, 685 S.E.2d at 823 (finding the circuit court had personal jurisdiction over the appellant because he had notice of the proceedings and waived any defects that might have occurred by not raising the issue of improper service of process).

*Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001) ("The power to punish for contempt is inherent in all courts and is essential to preservation of order in judicial proceedings." (quoting *In re Brown*, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1998))); *id.* ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."). In the April 3, 2017 order, the master ordered, "Morphew, as the current tenant of the [p]roperty is ordered to vacate the [p]roperty on or before the closing date, which will be provided to her by the parties or their counsel." In the master's subsequent amended order filed on May 17, 2017, the master clarified Morphew was not entitled to proof of the Buyers' financing and otherwise adhered to its April 3, 2017 order. At the contempt hearing on June 12, 2017, the Buyers testified Morphew was still in possession of the property after the June 2, 2017 closing date. Because Morphew remained in possession of the property following the June 2 closing, we find she violated the April 3, 2017 order. Accordingly, we find the master did not err by finding Morphew in contempt.[3]

**AFFIRMED.**[4]

**LOCKEMY, C.J., and GEATHERS, and HEWITT, JJ., concur.**

---

[3] As to any arguments related to the master's treatment of Morphew during the June 12, 2017 hearing, these arguments are not preserved for appellate review because they were raised for the first time on appeal. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [master].").

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.