**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Capital Bank, N.A., formerly known as NAFH National Bank, successor in interest to Carolina National Bank and Trust Company, and to First National Bank of the South, Appellant,

v.

Rosewood Holdings, LLC, D. Christopher Twitty, and First Citizens Bank and Trust Company, Inc., Defendants,

Of which Rosewood Holdings, LLC and D. Christopher Twitty are Respondents.

Appellate Case No. 2022-001597

Appeal From Richland County
Joseph M. Strickland, Circuit Court Judge

Unpublished Opinion No. 2023-UP-315
Submitted September 13, 2023 – Filed September 20, 2023

**REVERSED**

Ben N. Miller, III, of McDonald, McKenzie, Rubin, Miller & Lybrand, LLP, of Columbia; Weyman C. Carter, of Burr & Forman LLP, of Greenville; and Robert

L. Widener, of Burr & Forman LLP, of Columbia, all for Appellant.

Ian Douglas McVey, of Turner Padget Graham & Laney, PA; and Spencer Andrew Syrett, both of Columbia, for Respondent Rosewood Holdings, LLC.

Spencer Andrew Syrett, of Columbia, for Respondent D. Christopher Twitty.

---

**PER CURIAM:** Capital Bank, N.A. (Capital Bank) appeals the master-in-equity's order finding the effective date of the judgment against Rosewood Holdings, LLC and D. Christopher Twitty (Respondents) was July 23, 2012, and thus the lien of judgment expired July 23, 2022. On appeal, Capital Bank argues the master erred by ruling the judgment had expired. We reverse pursuant to Rule 220(b), SCACR.

On July 23, 2012, the master filed its order of foreclosure and sale, which determined the total debt due to Capital Bank and ordered the mortgaged premises described in the complaint be sold at public auction. The order also acknowledged that a personal and deficiency judgment had been demanded; thus, the sale would remain open for thirty days and "if the proceeds of sale are insufficient to pay the amounts hereinbefore authorized to be paid out of said proceeds, [Capital Bank] shall have a judgment for such deficiency against [Respondents] . . . and such judgment will be entered without further notice or hearing." However, the portion of the Form 4 that would instruct the Clerk of Court to enroll a judgment was left blank. The property was sold on August 6, 2012, bidding closed on September 5, 2012, and the master's report on sale was filed on January 10, 2013. On July 23, 2015, the master filed an order for deficiency judgment. The order stated, "It is now proper for this amount to be entered as a monetary judgment" and ordered "the Clerk of Court amend the Form 4 previously filed in this action to reflect this monetary judgment."

Capital Bank later initiated post-judgment collection activities. Subsequently, Capital Bank filed a motion for an order in aid of supplemental proceedings, seeking a determination from the master that the judgment previously entered against Respondents was and remained a judgment with "active energy." On October 14, 2022, the master found the effective date of the judgment was July 23, 2012, and thus the lien of judgment expired on July 23, 2022.

Based on the language in the July 2015 order—"It is *now* proper for this amount to be entered as a monetary judgment" (emphasis added)—and the language of section 15-35-810(2005) of the South Carolina Code, we hold the judgment was entered in 2015.  If the parties took issue with the delay in enrollment of the judgment, their remedy at the time would have been to file a Rule 59(e), SCRCP, bringing their concerns to the court's attention.  *See Flexon v. PHC-Jasper, Inc.*, 413 S.C. 561, 571, 776 S.E.2d 397, 403 (Ct. App. 2015) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court." (quoting *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009))); S.C. Code Ann. § 15-35-810 ("Final judgments and decrees entered in any court of record in this State . . . shall constitute a lien upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the book of abstracts of judgments and duly indexed, *the lien to begin from the time of such entry on the book of abstracts and indices* and to continue for a period of ten years from the date of such final judgment or decree." (emphasis added)).

**REVERSED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.